Hirsch *v.* Perkins.

4-8121                                    200 S. W. 2d 796

Opinion delivered March 31, 1947.

*Dinning & Dinning,* for appellant.

*John C. Sheffield,* for appellee.

SMITH, J.   A decree was rendered March 22, 1943, foreclosing a deed of trust executed by Salena Coleman and her husband to appellants, who do business under the firm name and style of A. Hirsch & Company. Salena was the owner of the mortgaged land. There was a sale by a commissioner, appointed to make it, at which Hirsch & Company became the purchaser. The commissioner's report of the sale was confirmed and his deed to the purchaser was approved, and about two years later suit in ejectment was filed to recover possession of the land described in the deed of trust which had been foreclosed.

Salena filed a suit in which she alleged that the decree had been rendered without service upon her, and that the debt which the deed of trust secured had been paid before the institution of the foreclosure suit. Salena died before the trial from which is this appeal, and the cause was revived in the name of Mattie Perkins, her daughter, and sole heir at law.

The case appears to have been treated, and to have been tried as a proceeding under §§ 8248, 49, and 50 of

Pope's Digest. The complaint filed by Salena upon which process issued and was served complies with § 8248, Pope's Digest, which reads as follows: "The proceedings to vacate or modify the judgment or order on the grounds mentioned in the fourth, fifth, sixth, seventh, and eighth subdivisions of § 8246 shall be by complaint, verified by affidavit, setting forth judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On the complaint, a summons shall issue and be served, and the proceedings had as in an action by proceedings at law."

Hirsch & Company filed an answer to Salena's complaint which denied that the foreclosure decree had been rendered without service of process for a debt which had been paid. After hearing much testimony it was decreed, ". . . that the plaintiff has brought herself within the statutes, entitling her to have vacated and set aside the decree of foreclosure as prayed in the complaint. It is therefore considered, ordered, adjudged and decreed that the decree of foreclosure, heretofore made and had in the case of Ludwig Hirsch and Edmund Hirsch, doing business as A. Hirsch & Company, against Salena Coleman, be and the same is hereby vacated, set aside and held for naught; from all of which defendants except and pray an appeal to the Supreme Court, which exceptions are noted of record and the prayer for appeal granted."

No findings of fact were made in the decree, but we assume that two findings were made: first, that the decree was rendered without service, and second, that Salena had a meritorious defense in that she did not owe the debt, or all of it, for which the decree rendered judgment. Sections 8249 and 8250, Pope's Digest, required these findings before granting the relief prayed and these findings must have been made to confer authority to vacate the decree.

The first question, whether there had been service is a close question of fact, and we are unable to say that the chancellor's finding is contrary to a preponderance of the evidence.

The return upon the summons reads as follows: "I have this the 16th day of March, 1942, duly served the within by delivering a true copy of same to the within named Squire Coleman and Mattie Perkins, daughter of Salena Coleman, who is over the age of 16 years, and lived in the house with Salena. 'Signed, F. F. Kitchens, by W. H. Shotts, Deputy Sheriff.' "

Shotts, the deputy sheriff who served the summons and made the return thereon, testified that he had no recollection of the age or appearance of Mattie Perkins. He asked the person to whom he delivered the copy of the summons who she was, and received the answer that she was a daughter of Salena Coleman, and that the person served was living in Salena's house. This makes a *prima facie* showing that the summons was served as required by law.

But the testimony sustains the finding which the court must have made before granting the relief prayed that the summons had not been served upon Mattie Perkins, but upon Mattie's daughter, a young girl, and that the place of service was not then Salena's usual place of abode. This testimony is to the following effect. Salena and her husband separated the last of February, or the first of March, 1939, and Salena did not cultivate the land after that time, but turned the place over to Frank Perkins, who was her daughter's husband, with the understanding that he would pay her $65 per year rent, and would pay the balance due on the debt secured by the deed of trust which Salena had given to Hirsch & Company. Salena moved to Clarendon that year, and remained there about four years. She took her household furniture and personal effects with her to Clarendon, but left everything else on the farm, including the farm implements, a mule, wagon, feed, seed, etc., and remained in Clarendon thereafter except for two visits, each of only a few days duration, made during the Christmas holidays.

Without reciting the testimony in detail of the several witnesses who testified as to Salena's residence after 1940, it will suffice to say that it is sufficient to

support the finding that she did not live on her farm at the time the summons was served. In other words, while the farm belonged to Salena it was not her home or usual place of abode at the time the summons was served according to the return thereon. This return is *prima facie* evidence of service, but it is not conclusive where the testimony shows it to be false. *Karnes* v. *Ramey*, 172 Ark. 125, 287 S. W. 743.

Mattie testified that neither she nor Salena knew anything about the foreclosure suit until the ejectment suit was filed, and that they supposed the debt had been paid inasmuch as Hirsch & Company took possession and removed all the personal property from the farm which was of a value greater than the balance due according to a statement which had been furnished her and her husband by Hirsch & Company's bookkeeper. Hirsch & Company took possession of all the personal property after a controversy had arisen between Hirsch & Company and Frank Perkins over certain A..A.A. allotments. This was done under a chattel mortgage which Frank had given on all the personal property Salena owned and had left on the farm. Mattie and Frank testified that when this chattel mortgage was given it was with the understanding that Frank had assumed payment of Salena's debt and that Frank executed the mortgage with Salena's consent. Mattie testified that the bookkeeper for Hirsch & Company gave her a statement of Salena's account which she produced in court showing a balance due of $164.82.

The decree of foreclosure is not in the record, but there is in the record a document purporting to be a statement of Salena's account at the end of 1938, showing a balance due of $487.72, and Salena's complaint or petition to vacate the foreclosure decree alleges that the judgment rendered against Salena in that decree was for the sum of $510.03.

The finding which must have been made that there was no service of process as required by law is not contrary to the preponderance of the evidence, and the decree of foreclosure was therefore properly vacated

provided the showing was made that there was a meritorious defense.

We think this showing was also made.. The court did not find whether any debt was due which the deed of trust secured, and we are unable to do so from the record before us. It is insisted that the entire account against Salena was void for the reason that it included certain usurious charges of interest, and so it does. But this does not invalidate the entire account inasmuch as no agreement to pay the usurious interest was shown. The record does not show whether the court found the debt was void because of the usurious charge of interest. If the court so found, this was error. *Cammack* v. *Runyan Creamery,* 175 Ark. 601, 299 S. W. 1023.

But even so, there was a meritorious defense in that Salena did not owe all the debt for which the mortgage was foreclosed, and may not have owed any of it. Perkins may or may not have paid all the debt which he said he assumed. Of course his agreement to assume the debt did not discharge it unless there was a novation, whereby it was agreed that Salena should be discharged and it may be true that the personal property belonging to Salena which Hirsch & Company took possession of was of sufficient value to discharge the debt. The record does not show whether this is true or not.

We have copied the ordering part of the decree, and as we understand the decree, its effect is to vacate the order of foreclosure and leaves that suit pending for the determination of the question whether Salena's debt has been paid, and if not, how much was unpaid. It is not urged that the appeal is premature, and we decide only the questions which are presented by the record and argued in the briefs.

The decree from which is this appeal vacating the foreclosure decree will be affirmed, but the cause must, nevertheless, be reversed for the decision of the issues which apparently have not been decided, that is, whether Salena's debt has been paid in full, and if not, what balance was due.