Billy G. EMERSON *v.*
John D. BRIDGFORTH and Knox KINNEY,
Co-Administrators of the Estate of
Jack B. LANCASTER, deceased

CA 80-235                                                608 S.W. 2d 47
Court of Appeals of Arkansas
Opinion delivered December 3, 1980.

*Ray & Donovan*, for appellant.

No brief for appellees.

DAVID NEWBERN, Judge. The question presented is whether leaving a complaint and summons with the son of the appellant (who was also the appellant's employee) at the appellant's business address constituted valid service of process upon the appellant. We hold it did not.

The appellees filed a complaint alleging the appellant owed a sum of money, evidenced by a promissory note, to the estate they represent. The complaint and summons were handed to the appellant's son, Barry Emerson, at the appellant's place of business, not his abode. The factual statement in the appellant's brief is that the return filed by the sheriff's office recited that the appellant was personally served with the summons and complaint. Curiously, the summons and complaint are not abstracted, and they do not appear in the record. Instead, there is a "clerk's statement as to summons," as follows: "Summons issued October 26, 1979, and served on Mr. Billy G. Emerson on October 29, 1979." We will accept the appellant's statement of the facts with respect to what the return showed, as the appellees have filed no brief or supplemental abstract.

After 20 days had passed from the time the complaint was purportedly served, the appellant filed an answer stating he had not been personally served in the matter and alleging defenses on the merits of the claim. The trial court held a hearing on the question whether default judgment should be granted or the service quashed. At the hearing the appellant

presented evidence to the effect that the summons and complaint were handed to his son, and the appellant had in turn presented them to the attorney who customarily represented him. As it happened, the attorney is a law partner of one of the appellees and thus could not handle the matter. By the time the appellant obtained other counsel, the time to answer had passed.

Toward the close of the hearing, the court made the following remarks:

> There is case law that any agent or a servant employee of the party is an authorized person to receive summons. He can be served if he is in the course of his employment and found within the jurisdiction of the Court.

The closing colloquy between the court and the appellant's counsel reveals the court's impression that because the appellant's son was an employee of the appellant the service was appropriate and authorized by law.

A.R. Civ. P. 4(d)(1) controls this matter. It provides:

> (d) Personal Service Inside the State: A copy of the summons and of the complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary: Service shall be made as follows:

> (1) Upon an individual, other than an infant or an incompetent person, by delivering a copy of the summons and complaint to him personally, or if he refuses to receive it, by offering a copy thereof to him, or by leaving a copy thereof at his dwelling house or usual place of abode with some person residing therein who is at least fourteen (14) years of age, or by delivering a copy thereof to an agent authorized by appointment or by law to receive service of summons.

There is no question that the portion of the rule permitting service by "leaving a copy . . . at his dwelling house or usual place of abode with some person residing there," does

not apply in this case. No evidence tended to show the service was made at the appellant's dwelling or handed to a person residing there. The only question is whether, as the trial court found, Barry Emerson was "an agent authorized by appointment or by law to receive service of summons."

## 1. *Authorization by law.*

We simply can think of no "law" which would make either a son or an employee, or a person who is both, an agent authorized to accept service of process on behalf of his father-employer. There are, of course, situations to which this part of the rule applies, such as the statute conferring authority upon the Secretary of State to receive process for a nonresident motorist or corporation. Ark. Stat. Ann., § 27-339.1(3) (Repl. 1979).

The closes we can come to finding case "law" which might be considered to constitute a family member an agent for this purpose is *Crawley* v. *Neal*, 152 Ark. 232, 238 S.W. 1054 (1922), in which our supreme court, by way of dictum, described the wife of a prospective defendant as his "agent" for receipt of process. There, however, our supreme court was faced with a situation in which the wife was served pursuant to the now superseded Arkansas statute permitting process to be left at the usual place of abode of the defendant with a person who is a member of his family over the age of 15 years. Clearly, such a person was specifically authorized to receive process under the superseded statute, Ark. Stat. Ann., § 27-330 (Repl. 1962), and is authorized pursuant to Rule 4(d)(1), because of the specific provision constituting such a person an agent for that purpose.

As we find no "law" validating the service in this case, we turn to the question whether the recipient was "an agent authorized by appointment."

## 2. *Agent by appointment.*

In its relevant part, our rule is the same as F. R. C. P. 4(d)(1). The federal rule has uniformly been interpreted strictly to require that a person who is to be considered

authorized by appointment to receive process have *specific* authorization. See, *U.S.* v. *Marple Community Record, Inc.*, 335 F. Supp. 95 (E.D. Pa. 1971). Service on a person who is an agent for purposes other than receipt of process does not comply with the rule. *Hardy* v. *O'Daniel*, 16 F.R.D. 355 (D.D.C. 1954). See generally, *Annot.*, 26 ALR 2d 1086 (1952); *Annot.*, 11 L. Ed. 2d 1036 (1964); and 4 Wright & Miller, *Federal Practice and Procedure*, § 1097, p. 370 (1969).

In states having rules precisely like or very similar to the Federal and Arkansas rules, the same or similar language has been interpreted to mean that a person who was an agent for a different purpose may not bind a defendant by receiving process for him. For example, an agent authorized to collect rent for a property owner is not considered to have been appointed to receive process for his principal, *Foster* v. *Lewis*, 78 Nev. 330, 372 P. 2d 679 (Nev. 1962), and an office secretary is not an agent authorized to receive service for her employer at his office, *Haley* v. *Hershberger*, 207 Kan. 459, 485 P. 2d 1321 (1971).

### 3. *Superseded Arkansas law.*

It is difficult for us to know what the trial court had in mind when he referred to "case law that any agent or a servant employee of the party is an authorized person to receive summons." Our superseded statute, Ark. Stat. Ann., § 27-330, *supra*, would not have permitted it, although there was a provision in another statute for service upon the "cashier, treasurer, secretary, clerk or agent" of a corporation. See superseded Ark. Stat. Ann., § 27-346 (Repl. 1962).

Our supreme court was as zealous in construing statutes of this type strictly as the federal courts have been in construing the rule. See *Edmondson* v. *Farris*, 263 Ark. 505, 565 S.W. 2d 617 (1978); *Booker* v. *Greenville Gravel Co.*, 249 Ark. 330, 459 S.W. 2d 408 (1970). Thus, we feel no hesitancy in following the federal cases and the state cases cited above in holding Barry Emerson was not an agent appointed for the purpose of receiving summons.

To conclude this portion of our opinion, we should note

that the only argument made by the appellees at the hearing was that the return which recited service upon the appellant "speaks for itself." The return is only prima facie evidence of what transpired, and the truth is subject to proof in a hearing such as the one held below. *Hirsch* v. *Perkins*, 211 Ark. 388, 200 S.W. 2d 796 (1947); *Crawley* v. *Neal, supra.*

### Conclusion.

As we hold the service of process was invalid, sustaining a motion to quash would have been appropriate. However, the appellant has tendered an answer on the merits of the claim. On this appeal, the appellant does not ask that we regard the service of process as quashed, thus requiring the appellees to begin again. Rather, the appellant only asks that his answer be considered. This approach will, of course, save time, effort and expense for the court and the parties. Therefore, we remand to the trial court with instruction that the appellant's answer be allowed to stand and the case be allowed to proceed as if the answer had been timely filed. A.R. Civ. P. 1.

Reversed and remanded.