**SOUTH DAKOTA WHEAT GROWERS ASSOCIATION, Plaintiff and Appellee,**

v.

**Ronald BRAKKE, Defendant and Appellant.**

**Civ. No. 11028.**

Supreme Court of North Dakota.

Feb. 20, 1986.

Terence J. Paulson, of Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for plaintiff and appellee.

Ronald Brakke, Horace, defendant and appellant, pro se.

VANDE WALLE, Justice.

Ronald Brakke appealed from a summary judgment granting possession of several liquid fertilizer tanks to South Dakota Wheat Growers Association (the Association), subject to Brakke's right to make complete payment for the tanks; the judgment also dismissed Brakke's counterclaim for ownership of the tanks and punitive damages based on an attempt to defraud Brakke by forgery of his name on the initial contracts of sale. We affirm.

Brakke contends that there are genuine issues of material fact which make summary judgment improper under Rule 56, N.D. R.Civ.P. He further contends that his motion to vacate the summary judgment should have been granted because of unusual circumstances. It is not necessary for our disposition of this case to discuss in detail the particular issues of material fact or the unusual circumstances alleged by Brakke.

The lower court based its decision to grant possession of the tanks to the Association on the existence of a previous monetary judgment entered against Brakke arising "out of the same contractual obligations which are the subject of the current action ..." In addition, the lower court dismissed Brakke's counterclaim for legal title to the tanks and punitive damages because "the claim set forth in Defendant's Counterclaim arose out of the same transaction or occurrence that was the subject matter of two prior actions ... between the parties and should have been raised in the initial action." We agree.

Brakke alleges in this proceeding that the terms of the contracts which were the basis of the judgment in the initial action were misrepresented to him and that the contracts were fraudulently executed. The issues which Brakke now alleges are sufficient to make summary judgment improper are the same issues which inhere in the judgment in the initial action, from which no appeal was taken. He thus has improperly attempted to attack collaterally the judgment in the initial action.

Because the judgment in this proceeding was predicated on the judgment in the initial action and because the question of forgery should have been determined in the previous proceedings that resulted in the initial judgment against him, Brakke's remedy, if any, would be through a motion under Rule 60(b), N.D.R.Civ.P., to vacate the initial judgment taken against him. See, e.g., *Suburban Sales v. District Court of Ramsey*, 290 N.W.2d 247 (N.D. 1980). If that motion is successful and ultimately results in a judgment in his favor, he may then, if necessary, move the trial court to vacate the judgment in this proceeding.

The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

PEDERSON, Surrogate Judge, participated in place of MESCHKE, J., disqualified.