Ronald D. BRAKKE and Alice M. Brakke, Plaintiffs and Appellants,

The Estate of Jean M. Brakke; and Nancy Bye, Guardian for Timothy Duane Brakke, Ronald Daren Brakke and Kara Jean Brakke, Plaintiffs,

v.

Donald RUDNICK, as an individual and as Sheriff of the County of Cass, the State of North Dakota; Robert Hoy, as an individual and as States Attorney for said State of North Dakota; Deputy Sheriffs, County of Cass: Rodney Kitzan, Steven Dawson, Steven Gabrielson, Mike Kelly, Robert Brandon, Arland Rasmussen, Dean Fercho, Rick Majerus, Tony Krogh, Bud Warren, Greg Holm, Dean Wavers, Larry Burbach, Jim Thoreson, Glenn Ellingsberg; Jerald Beck; William Yuill; Lillian Stegman; Robert Steffes; Dakota Bank and Trust Company together with its Officers and as individuals Dan Stroh, Earl Schouweiler and Dan Schalek; John Doe and Mary Doe, Defendants and Appellees.

Civ. No. 11339.

Supreme Court of North Dakota.

June 24, 1987.

Ronald A. Brakke and Alice M. Brakke, pro se, argued by Wendy A. Nora, Minneapolis, Minn.

Wegner, Fraase, Nordeng & Johnson, Fargo, for defendants and appellees Donald Rudnick, Robert Hoy, Rodney Kitzan, Steven Dawson, Steven Gabrielson, Mike Kelly, Robert Brandon, Arland Rasmussen, Dean Fercho, Rick Majerus, Tony Krogh, Bud Warren, Greg Holm, Dean Wavers, Larry Burbach, Jim Thoreson and Glenn Ellingsberg; argued by Mervin D. Nordeng.

Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, Minn., for defendant and appellee Robert Steffes; argued by Barry P. Hogan.

Lamb, McNair, Larson & Carlson, Fargo, for defendants and appellees Dakota Bank and Trust Co., Dan Stroh, Earl Schouweiler and Dan Schalek; argued by Bruce H. Carlson.

William Yuill, Fargo, pro se. Submitted on brief.

Jerald Beck, Riverside, pro se. Submitted on brief.

ERICKSTAD, Chief Justice.

The plaintiffs appeal from a district court order dismissing their complaint without prejudice, enjoining them from commencing a lawsuit within the district without first submitting their pleading to the court, and awarding the defendants costs, disbursements and attorney's fees. We affirm in part and reverse in part.

The factual circumstances underlying this action involve the repossession of a tractor on the Ronald Brakke farm on June 18, 1985. The plaintiffs, appearing pro se in the trial court, alleged in substance that the various defendants unlawfully repos-

sessed the tractor before the expiration of the ten days required by N.D.R.Civ.P. 62(a),[1] and that the defendants' conduct constituted criminal trespass, armed robbery, assault, conspiracy, a violation of civil rights, and a deprivation of due process. The plaintiffs alleged that Ronald and Jean Brakke were beaten during the repossession and sought $3.5 million in damages.

All the defendants answered, denying liability, and moved to dismiss, asserting insufficient service of process and that the complaint failed to conform to the "concise" and "short and plain statement of claim" requirements of N.D.R.Civ.P. 8, and failed to state a claim upon which relief could be granted. The defendants also asserted that the complaint was frivolous and sought costs, disbursements, and attorney's fees and injunctive relief against the plaintiffs prohibiting them from commencing, filing or serving any pleadings or other document upon any persons without first submitting that document to the court for review.

A hearing on the defendants' motion was scheduled for August 15, 1986. Without securing approval from the court, Brakke contacted the calendar control clerk for another hearing date and, on August 8, 1986, filed a Notice of Cancellation of Hearing and Notice of Rescheduled Hearing for October 6, 1986. The court notified all the parties that Brakke had not contacted the court to reschedule the hearing and indicated that the hearing would proceed as originally scheduled. On August 14, 1986, Brakke served a Notice of Removal purporting to remove the action to the Federal District Court of Minnesota.

On August 15, 1986, the hearing on the defendants' motion to dismiss was held as scheduled. The trial court initially determined that the plaintiffs' purported removal was to the wrong jurisdiction and was not authorized under 28 U.S.C. 1446(a).[2] The trial court determined that there was insufficient service of process on all the defendants and dismissed the plaintiffs' complaint without prejudice. The trial court also determined that the complaint failed to state a claim for relief and was frivolous and awarded the defendants their costs, disbursements and attorney's fees,[3] and enjoined the plaintiffs from commencing, filing and serving any future summonses or complaints or any other pleadings within the judicial district without first submitting the document to the court for review.

An order for judgment was entered on September 2, 1986, and a corresponding judgment was entered on September 4, 1986. Notice of entry of judgment was served on the plaintiffs on September 9, 1986. On September 8, the plaintiffs filed a notice of appeal from the order of the

1. N.D.R.Civ.P. 62(a) provides:

 "(a) *Automatic Stay—Exceptions—Injunctions, Receiverships, and Accountings.* Except as stated herein, no execution may issue upon a judgment nor may proceedings be taken for its enforcement until the expiration of 10 days after notice of its entry if the opposing party appeared, and 10 days after entry of a judgment by default. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting, may not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal."

2. 28 U.S.C. 1446(a) provides:

 "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."

3. The trial court awarded $800 in attorney's fees to the defendants represented by attorney Hogan, $800 to the defendants represented by attorney Carlson, $800 to the defendants represented by attorney Feder, and $800 to the defendants represented by attorney Nordeng. The judgment required the plaintiffs to pay all attorney's fees, costs, and disbursements entered against them in this case as a condition to the commencement of any new lawsuits or expanding any existing lawsuit within the judicial district.

district court entered on September 2, 1986.[4]

The defendants have moved to dismiss the plaintiffs' appeal, contending that they have not appealed from an appealable order.

■ We have recently held that when an appeal is taken from an order for judgment and the record includes a judgment which is consistent with that order, we will consider the appeal to be from the judgment. *Olson v. Job Service of North Dakota*, 379 N.W.2d 285 (N.D.1985); *Federal Savings & Loan Insurance Corp. v. Albrecht*, 379 N.W.2d 266 (N.D.1985); *Dunseith Sand & Gravel Company, Inc. v. Albrecht*, 379 N.W.2d 803 (N.D.1986). In this case the record includes a judgment entered on September 4, 1986, which is consistent with the September 2, 1986, order for judgment. Accordingly, the instant appeal is properly

before this court, and we will examine the merits.

Although the plaintiffs' statement of issues in their brief does not specifically delineate an issue relating to the trial court's decision to dismiss for improper service of process, the plaintiffs state in their brief that they "seek reversal of all action taken" by the district court and specifically "the dismissal of the case, the injunctive relief and the sanctions." Thus, we will initially review the trial court's dismissal of the complaint and specifically the issue relating to service of process.[5] The plaintiffs contend that service of process was proper because "all parties were served directly or through their authorized agents."

Relevant to this case N.D.R.Civ.P. 4(d)(2),[6] requires service of process on an individual by delivering a copy of the summons to "his agent authorized by appointment or by law to receive service of pro-

---

4. The plaintiffs prepared their brief on appeal pro se, but their appeal was argued by counsel.

5. After oral argument in this case, the plaintiffs and defendant Steffes submitted a stipulation to this court wherein the parties stipulated that the action in federal court had been remanded to state court. Consequently, we deem any issues relating to the removal to federal court as waived.

6. N.D.R.Civ.P. 4(d)(2) provides in relevant part:
 "(2) *How Service Made Within the State.* Personal service of process within the state must be made as follows:
 "(A) upon an individual 14 or more years of age by (i) delivering a copy of the summons to him personally; (ii) leaving a copy thereof at his dwelling house or usual place of abode in the presence of a person of suitable age and discretion then residing therein; (iii) delivering a copy of the summons to his agent authorized by appointment or by law to receive service of process; or (iv) any form of mail addressed to the person to be served and requiring a signed receipt and resulting in delivery to that person;
 \* \* \* \* \* \*
 "(D) upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by (i) delivering a copy of the summons to an officer, director, superintendent or managing or general agent, or partner, or associate, or to an agent authorized by appointment or by law to receive service of process in its behalf, or to one who acted as an agent for the defendant with respect to the matter upon which the claim of

the plaintiff is based and who was an agent of the defendant at the time of service; (ii) if the sheriff makes a return that no person upon whom service may be made can be found in the county, then service may be made by leaving a copy of the summons at any office of the domestic or foreign corporation, partnership or unincorporated association within this state with the person in charge of the office; or (iii) any form of mail addressed to any of the foregoing persons and requiring a signed receipt and resulting in delivery to that person;
 "(E) upon a city, township, school district, park district, county, or any other municipal or public corporation, by delivering a copy of the summons to any member of its governing board;
 "(F) upon the state, by delivering a copy of the summons to the governor or attorney general or an assistant attorney general and, upon an agency of the state, such as the Bank of North Dakota or the State Mill and Elevator Association, by delivering a copy of the summons to the managing head of the agency or to the attorney general or an assistant attorney general; or
 "(G) if service is made upon an agent who is not expressly authorized by appointment or by law to receive service of process in behalf of the defendant, a copy of the summons and complaint must be mailed to the defendant by registered or certified mail with return receipt requested not later than ten days after service by depositing the same, with postage prepaid, in a post office in this state and directed to the defendant to be served at his last reasonably ascertainable address."

cess" and on a corporation by delivering a copy of the summons to an "officer, director, superintendent or managing or general agent, or partner, or associate, or to an agent authorized by appointment or by law to receive service of process in its behalf."

The relevant part of our rule relating to service of process is patterned after the corresponding federal rule and, although we are not compelled to follow the federal courts' interpretation of the federal rule, those interpretations are highly persuasive in interpreting our rule. *E.g., Estate of Elmer,* 210 N.W.2d 815 (N.D.1973).

The federal courts have consistently held that, in the absence of an express agreement between the defendant and agent or in the absence of circumstances which clearly show that such an agreement was intended by the parties, authorization of an agent to accept service of process on behalf of a corporation or an individual is not deemed to exist. *WICA, Inc. v. WWSW, Inc.,* 191 F.2d 502 (D.C.1951); *Smith v. Western Offshore, Inc.,* 590 F.Supp. 670 (E.D.La.1984); *Richards v. New York State Dep't of Correctional Services,* 572 F.Supp. 1168 (S.D.N.Y.1983); *Lamont v. Haig,* 539 F.Supp. 552 (W.D.S.D.1982); *Miree v. United States,* 490 F.Supp. 768 (N.D. Ga.1980); *United States v. Marple Community Record, Inc.,* 335 F.Supp. 95 (E.D. Pa.1971); *Burger Chef Systems, Inc. v. Baldwin, Incorporated,* 365 F.Supp. 1229 (S.D.N.Y.1973).

In states having a service of process rule similar to the federal and North Dakota rules, the same or similar language has been construed to mean that a person who was an agent for a different purpose may not bind a defendant by receiving process for him. Thus, an agent authorized to collect rent for a property owner is not considered to have been appointed to receive process for his principal, *Foster v. Lewis,* 78 Nev. 330, 372 P.2d 679 (1962); an office secretary is not an agent authorized to receive service for her employer at his office, *Haley v. Hershberger,* 207 Kan. 459, 485 P.2d 1321 (1971), and a son, who was an employee of his father, was not an agent authorized by appointment or by law

to receive service of process upon his father at his father's place of business. *Emerson v. Bridgforth,* 271 Ark. 289, 608 S.W.2d 47 (1980).

4 Wright & Miller, Federal Practice & Procedure: Civil at § 1097 states:

"The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process normally is expected. Accordingly, the mere fact that a person acts as defendant's agent for some purposes does not necessarily mean that he has authority to receive process. The courts look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must either be express or implied from the type of relationship between defendant and the alleged agent. Thus, a financial agent or manager of defendant's business or even his attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of this type has taken place. Consistently with this judicial construction of 'appointment,' the courts have held that protestations by an agent that he has authority to receive process or the fact that an agent actually accepts process is not enough to bind defendant; there must be evidence that defendant himself intended to confer such authority upon the agent. The requisite intent, however, may be implied from the terms of a broad power of attorney or from the circumstances surrounding the service upon the agent."

▮ Thus, merely because an individual is an employee of a defendant does not cloak that individual with authority to receive process for the defendant, and the plaintiff has the burden to establish that the authority to receive service of process exists between the defendant and the individual served. *Smith v. Western Offshore, Inc., supra; Lamont v. Haig, supra; Local 617, International Brotherhood of Teamsters v. Hudson Bergen Trucking Co.,* 182 N.J.Super. 16, 440 A.2d 18 (1981). In *Lamont v. Haig, supra,* the court held

that there was insufficient service of process upon two individual defendants where the complaint was served on the defendants' secretaries at the defendants' place of business and the plaintiff presented no evidence to establish that the defendants intended to appoint their secretaries as agents to receive service of process on their behalf. Similarly, in *Smith v. Western Offshore, Inc.*, service was made upon an individual at the defendant's place of business and the court held there was insufficient service of process where there was no evidence that the person upon whom service was made was the defendant's authorized agent for service of process.

In this case there are six different groups of defendants: (1) the sheriff in his individual and official capacity and seventeen deputies, (2) the State's Attorney in his individual and official capacity, (3) Jerald Beck, (4) William Yuill and Lillian Stegman, (5) Dakota Bank and Trust Company and Dan Stroh, Earl Schouweiler, and Dan Schalek as its officers and as individuals, (6) and Robert Steffes.

■ The affidavit of service of process on the sheriff and the seventeen deputies states that service was accomplished by having a process server leave a copy of the summons and complaint with "the Secretary of Civil Process at the Sheriff of Cass County's Office." The plaintiffs have not established that the sheriff or any of the deputies authorized the "Secretary of Civil Process" as an agent to receive process for them. In the absence of any such evidence we conclude that the secretary was not authorized by appointment to receive service of process on behalf of the sheriff or the deputies.

Additionally, N.D.C.C. § 11–15–21, provides:

"*Service of papers other than process on sheriff.* Service of a paper, *other than a process,* may be made upon the sheriff by delivering it to him, to one of his deputies, or to a person in charge of the office during office hours, or, if no such person is there, by leaving it in a conspicuous place in the office." [Emphasis added].

The plain language of N.D.C.C. § 11–15–21, requires that service of a paper *other than process* may be made on a sheriff by delivering it to the person in charge of the office and manifests an intent that service of process on a sheriff may not be made by delivering process to a person in charge of the office during office hours. The plaintiffs have not cited, nor has our research revealed, any other law relating to service of process on a sheriff or deputies or permitting service of process in the manner in which it was done in this case. We conclude that service of process on the sheriff and deputies was not made upon an agent authorized by appointment or by law to receive service of process and that the trial court did not err in dismissing the plaintiffs' complaint against the sheriff and the seventeen deputies because of insufficient service of process.

■ The remaining affidavits of service of process state that service on Dakota Bank and Trust Company, Dan Stroh, Earl Schouweiler, and Dan Schalek, was accomplished by leaving a copy of the summons and complaint with "Lana at Dakota Bank and Trust Company's Main Offices"; that service on the State's Attorney was accomplished by leaving a copy of the summons and complaint with "Karen at the States Attorney's Office"; that service on Jerald Beck was accomplished by leaving a copy of the summons and complaint with "the Bookkeeper, Kurt of Drag-In Services, Inc."; that service on William Yuill and Lillian Stegman was accomplished by leaving a copy of the summons and complaint with "Stephanie at Mr. Yuill's Office"; and that service on Robert Steffes was accomplished by leaving a copy of the summons and complaint with "Scott Steffes at Steffes Auctioneers, Inc. Offices."

The plaintiffs have not cited any law establishing that any of the persons served were authorized by law to receive service of process for any of the respective defendants and our research has not revealed any such law. Furthermore, the plaintiffs have not established that the persons receiving

process were authorized by appointment by any of the respective defendants to receive service of process for them. In the absence of any such evidence, we conclude that the trial court did not err in dismissing the plaintiffs' complaint against those defendants because of insufficient service of process.

We next turn to the trial court's award of attorney's fees because it determined that the plaintiffs' complaint was frivolous pursuant to Section 28–26–01(2), N.D.C.C.:

"In civil actions the court may, in its discretion, upon a finding that a claim for relief was frivolous, award reasonable actual or statutory costs, or both, including reasonable attorney's fees to the prevailing party. Such costs may be awarded regardless of the good faith of the attorney or client making the claim for relief if there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in their favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim."

The court may, in its discretion, award sanctions if it determines that there is such a complete absence of actual facts or law that a reasonable person could not have expected judgment on his claim and the prevailing party alleges the frivolous nature of the claim. *Williams et al. v. State of North Dakota*, 405 N.W.2d 615 (N.D.1987); *Moritz v. Medical Arts Clinic, P.C.*, 315 N.W.2d 458 (N.D.1982). We will not reverse an award of attorney's fees pursuant to Section 28–26–01(2), N.D.C.C., absent an abuse of discretion by the trial court. *Williams et al. v. State of North Dakota, supra.*

Interrelated with the award of attorney's fees is the trial court's determination that this complaint was frivolous because it failed to give a clear and concise statement as to a cause of action and failed to state a claim upon which relief could be granted. In *Johnson & Maxwell, Ltd. v. Lind*, 288 N.W.2d 763, 765 (N.D.1980), we observed:

"Upon a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(5) of the North Dakota Rules of Civil Procedure, we recognize that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.... The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.'

"The complaint is to be construed in the light most favorable to the plaintiff, ... and the allegations of the complaint are taken as true.... The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted...." [Citations omitted.]

In *Williams et al. v. State of North Dakota, supra*, at 621, we said:

"The purpose of Rule 8(a), N.D.R.Civ.P., is to put the defendant on notice as to the nature of the plaintiff's claim. If the pleadings indicate generally the type of claim involved, they satisfy the spirit of Rule 8(a), N.D.R.Civ.P. ... While a concise and non-technical complaint is all that is required by Rule 8(a), N.D.R. Civ.P., nevertheless, it must be sufficient to inform and notify both the adversary and the court of the pleader's claim." [Citation omitted.]

In this case, defendants Jerald Beck, Lillian Stegman, Robert Steffes, and the individual officers of Dakota Bank and Trust, Dan Stroh, Earl Schouweiler, and Dan Schalek, were named in the caption of the complaint, but they were not specifically claimed to have caused any injury to the plaintiffs in the body of the complaint. When a defendant is named in the caption of a complaint but is not specifically claimed to have caused the plaintiff injury, the complaint fails to state a cause of action against that defendant. *Potter v. Clark*, 497 F.2d 1206 (7th Cir.1974).

We conclude that the trial court properly dismissed the plaintiffs' complaint against Beck, Stegman, Steffes, Stroh, Schouweiler, and Schalek for failure to state a claim upon which relief could be granted because they were not alleged to have caused any injury to the plaintiffs. We further conclude that the trial court did not abuse its discretion in determining that this complaint was frivolous as to those defendants and awarding them attorney's fees because there was such a complete absence of facts or law as to those defendants that a reasonable person could not have expected a judgment.

■ The only mention of defendant William Yuill in the complaint is that the Cass County clerk of court printed "Findings of Fact, Amended Conclusions of Law and Order for Judgment through the law offices of Defendant William Yuill." That reference to defendant Yuill in the complaint does not state a recognizable claim upon which relief can be granted, and we conclude the trial court did not abuse its discretion in determining that this complaint was frivolous as to Yuill and awarding him attorney's fees. *See Williams et al. v. State of North Dakota, supra.*

■ Although we recognize the complaint does contain generic allegations that the "defendants" conspired to deny the plaintiffs due process of law, the allegations are merely conclusory statements unsupported by allegations of factual circumstances specifically relating to any of the defendants. *Williams et al. v. State, supra; see Slotnick v. Garfinkle*, 632 F.2d 163 (1st Cir.1980); *Slotnick v. Staviskey*, 560 F.2d 31 (1st Cir.1977); *cert. denied*, 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978). We do not believe that those generic allegations are sufficient to state a cause of action as to any specific defendants.

■ The only reference to Dakota Bank and Trust Company in the complaint is that:

"III.

"Defendant Dakota Bank and Trust Company via manufacturing and manipulation of documentation, generated false papers to evidence an assignment to said Bank of the lease dated March 24, 1981.

"IV.

"Said Defendant Donald Rudnick as an individual and as his official capacity of Sheriff of the County of Cass without due process of law repossessed said tractor based on an alleged non payment by Dakota Bank."

While these allegations are not artfully stated, construing them in the light most favorable to the plaintiffs, we believe they may raise a claim for conversion upon proper development of facts. *See John Deere Company v. Nygard Equipment Inc.*, 225 N.W.2d 80 (N.D.1974). We do not believe those allegations demonstrate such a complete absence of facts or law as to this defendant that a reasonable person could not have expected a judgment, and we believe those allegations were sufficient to preclude sanctions in favor of Dakota Bank. Accordingly, we conclude that the trial court abused its discretion in determining at this stage of the proceedings that this complaint was frivolous as to Dakota Bank and Trust and awarding it attorney's fees.

■ The complaint specifically refers to the State's Attorney, the Sheriff, and some, but not all, of the deputies named in the caption of the complaint. Although these allegations are not artfully stated, construing them in the light most favorable to the plaintiffs, we believe they may raise a claim against those defendants for false arrest, conversion, trespassing, and assault upon a proper development of facts. We do not believe those allegations demonstrate such a complete absence of facts or law as to these defendants that a reasonable person could not have expected a judgment, and we believe those allegations were sufficient to preclude sanctions in favor of these defendants. Accordingly, we conclude that the trial court abused its discretion in determining at this stage of the proceeding that this complaint was frivolous as to these defendants and awarding them attorney's fees.

Based on the foregoing, we reverse that portion of the judgment awarding attorney's fees to Dakota Bank, the State's Attorney, the sheriff, and the deputies.

We next turn to the trial court's decision to grant injunctive relief:

"4. The Plaintiffs, and all persons acting under their direction or with their assistance, are prohibited from commencing, filing and serving any future summonses or complaints or any other pleadings or documents purporting to commence or represent a lawsuit, counter claim, cross claim or third party complaint against any person or organization within this judicial district without having first submitted that pleading or document to the Court in which the action may be commenced or pending. The Plaintiffs, and all such persons acting under their direction or with their assistance, shall provide the person or organizations intended to be subject to the proposed pleading or document notice of the 'lodging' of the pleading or document with the Court and shall provide an opportunity for the 'target' persons or organizations to be heard on the propriety and alleged merit of the 'lodged' pleading or document. The 'target' persons or organizations shall not be required to serve any formal pleadings until specifically directed to do so by the Court. The 'target' persons or organizations may respond to the 'lodged' pleading by letter or at the hearing scheduled upon request. Upon review of the responses provided by the 'target' persons or organizations, the Court shall permit the 'service' of the pleading or documents, as is appropriate under any appropriate conditions."

We recognize that injunctive relief to prevent plaintiffs from commencing future actions has been granted in some jurisdictions against litigants who have instituted frivolous and vexatious actions or who have endlessly sought to raise anew stale claims. *In the Matter of Hartford Textile Corp.*, 681 F.2d 895 (2nd Cir.1982), *cert. denied*, 459 U.S. 1206, 103 S.Ct. 1195, 75 L.Ed.2d 439 (1983); *In re Martin-Trigona*, 573 F.Supp. 1245 (D.C.Conn.1983), *aff'd in part, vacated in part, and remanded*, 737 F.2d 1254 (2nd Cir.1984), *on remand*, 592 F.Supp. 1566 (D.C.Conn.1984), *aff'd*, 763 F.2d 140 (2nd Cir.1985), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986); *Kane v. City of New York*, 468 F.Supp. 586 (S.D.N.Y.), *aff'd*, 614 F.2d 1288 (2nd Cir.1979); *Ruderer v. Department of Justice*, 389 F.Supp. 549 (S.D.N.Y.1974).

In *Matter of Hartford Textile Corp., supra*, the court noted that one litigant had brought an almost "unparalleled history of frivolous and repetitious claims, motions, petitions, demands, and appeals" arising out of the bankruptcy court's denial of a claim for sales commissions. The court noted that, at one point, there were more than one hundred motions, petitions, requests, appeals, and other filings relating to the claim and that virtually all of those documents were "utterly frivolous" and "totally devoid of merit." The court enjoined the litigant and her attorney from relitigating or attempting to relitigate any of the claims already litigated.

In *In re Martin-Trigona, supra*, the court enjoined a pro se litigant from initiating litigation in federal and state courts throughout the United States. The evidence established that the pro se litigant had filed at least 250 lawsuits over a span of ten years. The court noted that the pro se litigant had distinguished himself by his style of litigation and cunning and malignant sophistication and noted that costs and attorney's fees would be inappropriate because the pro se litigant was in bankruptcy:

"The necessity of such a remedy is emphasized by the remarkably vicious, derogatory, and personal character of the suits that Martin-Trigona files and the manner in which he publicizes them. His pleadings are often laced with scurrilous attacks upon those whom he chooses to sue, attacks in which ethnic and religious slurs are prominent, along with manifold accusations of criminal activity. It has become Martin-Trigona's practice to forward copies of such pleadings to the press, where they are often given currency." 573 F.Supp. at 1254.

On appeal the Second Circuit noted that injunctive relief was fully appropriate because other sanctions would not be appropriate and upheld the validity of the injunction in the federal courts, but modified the injunction as it pertained to state courts and remanded to district court. On remand the district court modified the injunction, and it was affirmed on appeal.

In *Ruderer v. Department of Justice, supra,* the record established that a plaintiff had commenced four lawsuits in the federal district court of New York and over fifty similar lawsuits in other jurisdictions in ten years against various officials all stemming from his dismissal from the United States Army Aviation Material Command. The court dismissed the complaint because the plaintiff's claims were barred by the doctrine of res judicata. Furthermore, the court granted injunctive relief against the plaintiff because it concluded that there was no reason to assume that the dismissal would be any more effective in inducing the plaintiff to voluntarily abandon his frivolous claims than the dismissal of the prior complaints. However, the court limited the injunction to claims relating to plaintiff's dismissal from AV-COM or to events arising out of his litigation over that dismissal.

 We believe those cases are distinguishable from the instant case. While we recognize that Ronald Brakke has been involved in much litigation before this court,[7] he has not always been the plaintiff in those actions nor does that litigation involve the same transactions or the factual circumstances of this action. During oral argument, counsel for Steffes stated that the district court was provided with documents of several lawsuits in which Ronald Brakke was involved. However, those documents are not part of the record before this court. Those lawsuits apparently do not involve the same transactions or factual circumstances involved in this case nor do they involve all of the same plaintiffs. We do not believe the defendants have established that the plaintiffs' conduct in this case has approached the level of conduct described in the above cited cases. We also recognize that if any future actions by the plaintiffs or by Brakke are deemed to be frivolous, attorney's fees and costs are available and may be appropriate. Furthermore, we have concluded that the complaint was not frivolous insofar as it related to certain named defendants. Under these circumstances and after considering the record before us, we conclude that the trial court erred in entering the injunction in this case.

The judgment dismissing the plaintiffs' complaint without prejudice is affirmed, but the injunction and the award of attorney's fees to Dakota Bank, the State's Attorney, the Sheriff, and the deputies is reversed.

GIERKE, VANDE WALLE and LEVINE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, S.J., sitting in place of MESCHKE, J., disqualified.

---

7. Our records in this court include the following cases in which Ronald Brakke has been involved: *Horace Farmers Elevator Co. v. Brakke,* 383 N.W.2d 838 (N.D.1986); *South Dakota Wheat Growers Ass'n v. Brakke,* 382 N.W.2d 394 (N.D.1986); *Brakke v. Allis-Chalmers,* Civil No. 10,216; *Ruud v. Brakke,* Civil No. 11,247; *Brakke v. Brownlee,* Civil No. 11,358; *Brakke v. LeClerc,* Civil No. 11,043; *Dakota Bank & Trust Co. v. Brakke,* Civil No. 10,986; *Dakota Bank & Trust Co. v. Brakke,* Civil No. 11,210; *Brakke v. Dakota Bank & Trust,* Civil No. 11,004.