**DAKOTA BANK AND TRUST COMPANY OF FARGO,**
Plaintiff and Appellee,

v.

**Ronald and Jean BRAKKE, husband and wife, Defendants,**

and

**Fenske Feed and Grain Co., Defendant and Appellant.**

Civ. No. 890268.

Supreme Court of North Dakota.

March 5, 1990.

Bruce H. Carlson of Lamb, McNair, Larson & Carlson, Ltd., Fargo, for plaintiff and appellee; submitted on brief.

Harold Fenske, pro se, Hankinson, for defendant and appellant.

VANDE WALLE, Justice.

Fenske Feed and Grain Co. (FFG) appealed from a default judgment entered by the district court in favor of the Dakota Bank and Trust Co. The district court entered

default judgment as a sanction for FFG's failure to appear at a scheduled July 10, 1989, pretrial conference.[1]  *See* Rule 37(b), NDRCivP.  On appeal, FFG claims it did not receive notice of the pretrial conference and, as a result, failed to appear.

The record in this case contains an Order for Pretrial Conference in which the district court informed the parties that a pretrial conference was scheduled to be held on July 10, 1989, at 10:00 o'clock a.m. in chambers at the courthouse in Fargo, North Dakota.  The order was signed and dated by the court on January 30, 1989.  The record also contains an Affidavit of Service by Mail indicating that a true and correct copy of the Order for Pretrial Conference was sent to FFG both by certified and regular mail.  The affidavit was also dated and subscribed January 30, 1989.  Additionally, the record contains a Supplemental Order by the Court specifically stating that its Order for Pretrial Conference, dated January 30, 1989, applied to pro se parties, and that the court expected all parties to the litigation to appear at the pretrial conference or appropriate sanctions would be imposed.  The court's Supplemental Order was dated February 10, 1989.  There is also an Affidavit of Service by Mail in the record stating that a true and accurate copy of the Supplemental Order was sent to FFG by both certified and regular mail.  This affidavit was dated February 10, 1989, and has a return receipt attached to it bearing the signature "Harold Fenske."  While FFG claims that it did not receive notice of the pretrial conference, the record of district court reflects evidence that service was made and, in the absence of any indication in the record to the contrary, the trial court properly found that service of the Order for Pretrial Conference and Supplemental Order was made.

FFG did not move the district court for relief from the default judgment on the grounds that it did not receive proper notice of the pretrial conference.  *See* Rule 60(b), NDRCivP.  Consequently, FFG did not submit any facts or evidence to the district court to demonstrate the lack of proper notice.[2]  Instead of seeking relief from the judgment pursuant to Rule 60(b), NDRCivP, FFG appealed, alleging that it did not receive notice of the pretrial conference.  However, this Court will not usually consider an issue for the first time on appeal when the trial court has not had the opportunity to consider and to decide it.  *See Farm Credit Bank of St. Paul v. Stedman,* 449 N.W.2d 562 (N.D.1989); *Federal Land Bank of St. Paul v. Brakke,* 447 N.W.2d 329 (N.D.1989).  Here, the trial court did not have an opportunity to hold a hearing on FFG's claim regarding the lack of pretrial notice before its default judgment was appealed by FFG.  As the issue was not presented to the trial court, we will not consider it for the first time on appeal.  *Federal Land Bank of St. Paul v. Wallace,* 366 N.W.2d 444 (N.D.1985).  FFG's available remedy is a motion under Rule 60(b), NDRCivP, to vacate the default judgment taken against it, and to present evidence to the trial court which demonstrates a lack of notice.  *See South Dakota Wheat Growers Ass'n v. Brakke,* 382 N.W.2d 394 (N.D.1986).

Because the only evidence in the record reflects service of the pretrial notice, we affirm.

ERICKSTAD, C.J., LEVINE, J., VERNON R. PEDERSON, Surrogate Judge, and WALLACE D. BERNING, District Judge, concur.

---

1.  Reviewing the record and transcripts in this case, it is apparent that FFG had failed to appear and participate in a number of other proceedings scheduled before the trial court, including previous pretrial conferences.  As a result, the Bank filed a motion for default judgment with the trial court on January 6, 1989.  In its February 6, 1989, order to the Bank's motion for a default judgment, the district court stayed and continued the motion until the trial date in this matter.  The order further notified FFG that should it fail to appear at any scheduled pretrial conferences, or at the trial itself, a default judgment would be entered against it.  The court's order was properly served upon FFG.

2.  This Court has previously held that a claim of improper notice, unsupported by facts and documentation, is not enough to upset a judgment.  *See Farm Credit Bank of St. Paul v. Stedman,* 449 N.W.2d 562 (N.D.1989).

VERNON R. PEDERSON, Surrogate Judge, and WALLACE D. BERNING, District Judge, sitting in place of GIERKE and MESCHKE, JJ., disqualified.