Jimmy Ray LYONS *v.* FORREST CITY MACHINE WORKS, INC.

89-318                                    785 S.W.2d 220

Supreme Court of Arkansas
Opinion delivered March 19, 1990

*Ponder & Jarboe*, by: *Dick Jarboe*, for appellant.

*David Hodges*, for appellee.

TOM GLAZE, Justice. This case involves the procedural question of whether the appellant properly made service of summons and complaint on the appellee, a domestic corporation. Appellant filed a products liability suit against appellee Forrest City Machine Works (F. C. Machine Works). The summons in question was addressed to F. C. Machine Works, and the return shows that F. C. Machine Works was served as the person being

named as the defendant, on February 17, 1986.[1] The trial court granted the appellee's motion to dismiss on the basis that service in the case was not valid, and appellant challenges the trial court's finding and dismissal in this appeal. Alternatively, appellant argues the trial court erred in failing to allow him to amend the return to show that a proper agent of the corporation was served; and in failing to grant a continuance at the hearing to allow the appellant to have the summons reissued and properly served. We affirm.

In arguing that service was valid, the appellant contends that Jimmy Rowe, as plant manager, was a proper person to serve on behalf of F. C. Machine Works and that the deputy sheriff left the summons with Rowe. Rule 4(d)(5) of the Arkansas Rules of Civil Procedure controls service of process on a domestic corporation. *May* v. *Hankins Distributing Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990). It provides as follows: "(S)ervice shall be made . . . by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive summons."

In considering appellant's initial contention, we first must decide whether Rowe, as a plant manager, was a managing or general agent within the meaning of Rule 4(d)(5). For guidance, we turn to the practice commentary, C4-23, to Federal Rule 4(d)(3), which is identical to our Rule 4(d)(5). In this commentary the following general rule is given on who qualifies as a managing or general agent:

> (T)he person served must have some measure of discretion in operating some phase of the defendant's business or in the management of a given office. He must have at least such status that common sense would trust him to see that the summons gets promptly into the hands of the right corporate people. And he should be working for the defendant at the time of service.

While Rowe's specific duties were not related, we do

---

[1] Another summons addressed to David A. Hodges, president of the corporation, was issued in this case. The summons was never served and it is not in dispute in this appeal.

know that Rowe worked for the appellee for thirty-two years and was the plant manager at the time of the alleged service. Rowe, as plant manager, unquestionably had some measure of discretion in operating or managing appellee's business. In addition, Rowe's deposition reflects that he had more knowledge than anyone else about the company's product, a grain buggy, produced at the appellee's plant. In view of his title, experience and tenure, Rowe was a ranking person within appellee's business, and was one who could be trusted to make sure that any summons would be promptly brought to the attention of the corporate people.

While we agree that the plant manager was a proper person to serve under Rule 4(d)(5), we cannot agree that Rowe actually was served. At the hearing on the appellee's motion to dismiss, the only evidence before the trial court on the service of the process was the return and Rowe's affidavit. In his affidavit, Rowe stated that the deputy sheriff came to the plant requesting to serve the summons on an officer. After the deputy was told that no officers were present, Rowe averred that the deputy sheriff left without serving anyone. Specifically, Rowe stated that he did not accept service and that he informed the deputy that he was not an officer and was not designated to accept service. As stated earlier, the return of service indicates that F. C. Machine Work was served as "the person named therein as defendant," and nothing on the return reflects that Rowe was ever served or that anyone refused service.

We have stated that the return of service is prima facie evidence of what transpired, but it is not conclusive where testimony shows it to be false. *Hirsch* v. *Perkins*, 211 Ark. 388, 200 S.W.2d 796 (1947); *see also Emerson* v. *Bridgforth & Kinney*, 271 Ark. 289, 608 S.W.2d 47 (Ark. App. 1980). In other words, failure to make proof of service does not affect the validity of service, because proof of service may be made by means other than demonstration on the return of the serving official. Cox, Newbern, *New Civil Procedure: The Court that Came in from the Code*, 33 Ark. L. Rev. 1, 14 (1979).

At the hearing on the motion to dismiss, the appellant failed to produce any evidence to show that Rowe, or any other proper person under Rule 4(d)(5), was served on behalf of F. C. Machine Works. Therefore, we affirm the trial court's finding

that service of process was not proper.

■ In the alternative, the appellant argues that the trial court should have granted his request for an amendment to the return of service to show that Rowe was served. Under ARCP Rule 4(h), a trial court may allow any summons or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the summons is issued. Once again, the appellant failed to present any evidence to support an amendment to the return reflecting that Rowe had been served.

Finally, the appellant argues that the trial court should have granted a continuance to allow him the opportunity to have the summons reissued and properly served on David Hodges, appellee's president, who was physically present at the time of the hearing. Hodges also was appellee's attorney in this litigation.

■■ Under ARCP Rule 4(i), if service of summons is not made upon a defendant within 120 days after the filing of the complaint, the action *shall* be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. In Act 401 of 1989, the General Assembly attempted to give the trial court discretion under this rule by inserting the word "may" for "shall." We have stated, however, that we give full effect to legislation in an area of procedure or practice we have not preempted by rule and will defer to the general assembly where a court rule conflicts with a public policy adopted by legislative act or as part of the constitution. *See St. Clair* v. *State*, 301 Ark. 223, 783 S.W.2d 835 (1990); *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990). Here, by adopting Rule 4, we have preempted the area of service of process, thus we will not give effect to the substitution by Act 401 of the word "may" for "shall." Therefore, under our Rule 4(i), the trial court's dismissal of the case for failure to make service of summons was mandatory.

For the reasons stated above, we affirm.

HAYS, J., concurs. TURNER, J., dissents. PRICE, J., not participating.