620 N.W.2d 156 (2000)
2000 ND 221
In the Matter of the Application For DISCIPLINARY ACTION AGAINST Michael E. KELLER, a Member of the Bar of the State of North Dakota
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
Michael E. Keller, Respondent.
No. 20000225.
Supreme Court of North Dakota.
December 21, 2000.
*157 Loralyn Kay Hegland, Assistant Disciplinary Counsel, Bismarck, N.D., for petitioner.
Michael E. Keller, pro se, Larimore, N.D., respondent.
PER CURIAM.
[¶ 1] The Disciplinary Board petitions for disciplinary action against Michael E. Keller. After Keller failed to respond to a motion for order of default, the Hearing Panel of the Disciplinary Board issued an order for default. We decline to adopt the findings and recommendations of the Hearing Panel and remand to allow Keller an opportunity to bring a motion to vacate the default order and to present evidence demonstrating a lack of notice.

I
[¶ 2] Michael E. Keller was admitted to practice law in North Dakota on October 10, 1984. A summons and a petition for discipline were personally served on Keller on November 10, 1999. Keller filed an answer to the petition, dated November 30, 1999, denying any misconduct.
[¶ 3] Disciplinary Counsel served Keller with interrogatories and admissions and a request for production of documents, dated December 16, 1999. Because Keller did not respond to such discovery requests, Disciplinary Counsel made a motion to compel discovery, dated February 23, 2000. Keller again did not respond, and on March 20, 2000, the Hearing Panel issued an order compelling discovery. Keller did not comply with the order compelling discovery. On March 29, 2000, Keller was served with an amended petition for discipline. He did not file an answer to the amended petition. Based in part on his failure to respond to the discovery requests, this Court issued an Interim Suspension, dated July 5, 2000, suspending Keller's license to practice law until further order.
[¶ 4] Because Keller failed to comply with the order compelling discovery, Disciplinary Counsel filed a motion for order of default on April 17, 2000. That same day, a copy of the motion was served by mail on Keller. Keller did not respond, and on June 20, 2000, the Hearing Panel issued an order of default.
[¶ 5] On July 18, 2000, Keller filed a Written Demonstration of Lawyer Pursuant to Rule 3.4, North Dakota Rules for Lawyer Discipline that Interim Suspension Order Not Remain in Force and Appendix. In his Written Demonstration, Keller acknowledged he had not responded to the order compelling discovery, but that he would do so by July 19, 2000. In light of the Written Demonstration, our Court lifted the Interim Suspension. Although Keller states he complied with the discovery order on July 19, 2000, answers to those discovery requests are neither found in the record nor with the Secretary of the Disciplinary Board. On July 21, 2000, a copy of the order of default was served by certified mail return receipt requested on Keller.
[¶ 6] The Hearing Panel's findings and recommendations were filed August 8, *158 2000, and on August 11, 2000, Keller was served a copy of the report by certified mail. On August 29, 2000, Keller filed objections to the findings and recommendations. In his objections, Keller states he did not receive a copy of the amended petition or the notice of motion for order of default.

II
[¶ 7] Keller contends he did not respond to the motion for order of default because he did not receive notice. Specifically, he claims the motion for order of default was sent to the wrong address and, therefore, requests this Court determine service on Keller was not proper and remand the matter back to the Hearing Panel to proceed on the merits of the disciplinary petition. We decline to decide whether Keller received notice and grant his request to remand so that he may bring a motion to the Hearing Panel to vacate the order of default based on lack of notice.
[¶ 8] Our review of disciplinary proceedings is de novo on the record. Disciplinary Action Against Dvorak, 2000 ND 98, ¶ 8, 611 N.W.2d 147. In this context, de novo generally means we accord due weight to the findings and recommendations of the Hearing Panel, but "we do not act as a mere `rubber stamp.'" Disciplinary Bd. v. Leier, 1997 ND 79, ¶ 3, 562 N.W.2d 741 (quoting Disciplinary Bd. v. Gray, 544 N.W.2d 168, 171 (N.D.1996)). We decide each case on the facts in the record. Disciplinary Bd. v. Dooley, 1999 ND 184, ¶ 12, 599 N.W.2d 619.
[¶ 9] Because Keller did not make a motion under Rule 60(b), N.D.R.Civ. P., to vacate the order of default, Disciplinary Counsel urges us to adopt the findings and recommendations of the Hearing Panel. The North Dakota Rules of Civil Procedure apply to disciplinary proceedings unless otherwise noted. N.D.R. Lawyer Discipl. 3.5(B). Ordinarily, on appeal a party may not claim for the first time that it did not receive notice of a default judgment. Dakota Bank and Trust Co. of Fargo v. Brakke, 452 N.W.2d 351, 352 (N.D.1990). Rather, a party's available remedy is to move under Rule 60(b), N.D.R.Civ.P., to vacate the default judgment and present evidence to the trial court demonstrating lack of notice. Id. A Rule 60(b), N.D.R.Civ.P., motion, however, applies only to relief from a final judgment or order. The Hearing Panel's order of default and findings and recommendations for suspension are not final judgments or orders. Only our Court can order suspension of a lawyer. N.D.R. Lawyer Discipl. 1.3(A)(2). The applicability of a Rule 60(b) motion in these disciplinary proceedings, therefore, is not analogous to civil proceedings.
[¶ 10] When this circumstance arises in disciplinary proceedings, we conclude the better practice is to move our Court to remand the matter to the Hearing Panel for consideration of a motion to vacate the default order. We will consider Keller's objections to the Hearing Panel's findings and recommendations as a motion to remand in order to afford him an opportunity to bring a motion to vacate the order of default. The Hearing Panel may proceed in one of two ways when it receives Keller's motion. It may either hold a hearing on Keller's claim regarding lack of notice, or it may directly proceed to hold a hearing on the merits of the disciplinary petition. If a hearing is held regarding the lack of notice, and it is determined Keller did not receive notice of the default order, then the Hearing Panel must consider the merits of the disciplinary petition.
[¶ 11] Accordingly, the matter is remanded to the Hearing Panel for further proceedings consistent with this opinion.
VANDE WALLE, C.J., MARING, NEUMANN, SANDSTROM, KAPSNER, JJ., concur.