In the Matter of the Application for DISCIPLINARY ACTION AGAINST Colin A. BAILEY, A Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE Of NORTH DAKOTA, Petitioner,

v.

Colin A. BAILEY, Respondent.

No. 910148.

Supreme Court of North Dakota.

June 26, 1991.

---

## ORDER OF PUBLIC REPRIMAND

On May 16, 1991, the Disciplinary Board submitted its Report, Findings and Recommendations for discipline to the Supreme Court. The record of the formal proceedings filed with the Court shows that a Petition for Discipline and Summons were served upon Colin A. Bailey on November 27, 1990, alleging violations of Rule 1.3, Rules of Professional Conduct, that a lawyer shall act with reasonable diligence in representing a client; Rule 1.4(a), Rules of Professional Conduct, that a lawyer shall make reasonable efforts to keep a client advised; Rule 1.2, Subd. A(3), NDPRLDD, that it is grounds for disciplinary sanctions for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation; and that Respondent had previously received a public reprimand for similar misconduct. Mr. Bailey filed an Answer to the Petition wherein he admits that he represented the complainants in the purchase of real estate, that he assured them of progress from time to time, that he incorrectly told his clients that the Summons and Complaint had been given to the Sheriff for service, and that he said he would proceed with depositions but did not. Respondent Bailey denied the alleged violations of the Rules and similar prior misconduct.

A Hearing Panel of the Disciplinary Board found Mr. Bailey had received a previous public reprimand and found this an aggravating circumstance. The Panel also found violations of Rule 1.3, Rules of Professional Conduct; Rule 1.4(a), Rules of Professional Conduct; and Rule 1.2, subd. A(3), NDPRLDD, as alleged.

On May 7, 1991, the Disciplinary Board of the Supreme Court unanimously adopted the recommendations of the Hearing Panel that Respondent Bailey receive a public reprimand and that he be assessed costs and expenses of the proceeding and referred it to the Supreme Court.

On June 12, 1991, Respondent Bailey and Disciplinary Board Counsel Berg entered into a Stipulation which was filed in the Supreme Court that the Supreme Court issue an Order of Public Reprimand to Colin A. Bailey and assess costs in the amount of $1,053.92.

The Supreme Court considered the matter, and

ORDERED, that the Report of the Hearing Panel and the Stipulation be accepted, and that Colin A. Bailey be publicly reprimanded for failing to act with reasonable diligence in representing a client, for failing to make reasonable efforts to keep a client informed and for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by advising a client that a case was progressing when Bailey had taken no action and that he had previously

received a public reprimand for similar misconduct;

IT IS FURTHER ORDERED, that Colin A. Bailey be assessed the costs and expenses of this proceeding in the amount of $1,053.92 payable to the Disciplinary Board of the Supreme Court within 30 days of receipt of this Order.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE, MESCHKE and LEVINE, JJ., concur.