527 N.W.2d 274 (1995)
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Colin A. BAILEY, a Member of the Bar of the State of North Dakota.
DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,
v.
Colin A. BAILEY, Respondent.
Civ. Nos. 940360, 940361, 940396 and 940397.
Supreme Court of North Dakota.
February 8, 1995.
*275 Vivian E. Berg, Disciplinary Counsel, Bismarck, for petitioner.
Colin A. Bailey, pro se.
PER CURIAM.
This is a disciplinary action for disbarment of Colin A. Bailey, an attorney licensed in this state since 1967. Three separate petitions for discipline are consolidated in this proceeding. Bailey has stipulated or admitted to the facts on which the petitions are based and only argues against disbarment.

I

A
In the first petition, Bailey admitted to violating the North Dakota Rules of Professional Conduct in his handling of a divorce case. Bailey received notice of a hearing, but failed to appear or notify his client. In Bailey's absence, the trial court entered an interim order for judgment and an income withholding order requiring the client to pay $2,000 per month in support. The client retained other counsel, and three months later, an amended order was entered setting support at $1,150 per month. Bailey admitted to violations of Rules 1.3 and 1.4, North Dakota Rules of Professional Conduct, for his failure to act with reasonable diligence and for failing to adequately communicate with his client.

B
In the second petition, Bailey represented a client in an appeal to this Court. A motion to dismiss the appeal was served upon Bailey shortly after notice of appeal. Bailey did not respond to the motion or advise his client. This Court dismissed the appeal, notifying both Bailey and the client. The client tried unsuccessfully to petition this Court for a rehearing. The Hearing Body of the Disciplinary Board found these actions to be violations of Rules 1.3 and 1.4, N.D.R. Prof.Cond., and Rule 1.16(a)(2) for failure to terminate representation.
In the answer to the petition, Bailey raised his past medical condition of depression. He claimed he received treatment which had effectively combatted the depression, and at present, there was no basis for a finding of disability. Bailey requested the board impose a peer review program, coupled with continued medical treatment, as conditions for continuing to practice law. This Court ordered Bailey examined by a medical expert, Dr. David A. Sharbo, to evaluate Bailey's psychiatric condition.
Based on records of Bailey's psychiatric care, past disciplinary actions, and personal interviews with Bailey, Dr. Sharbo concluded the depression was in full remission. Dr. Sharbo found Bailey was "disabled during discrete periods of time in the past"; but treatment by use of medication and regular psychiatric appointments had rendered Bailey "not medically disabled from performing the responsibilities of his licensed profession."
The board followed Bailey's suggestion and imposed a two-year period of probation. Probation was conditioned on:
"(1) Mr. Bailey's consent;
"(2) Mr. Bailey continuing to seek medical treatment for depression through a qualified psychiatrist and that he (Mr. Bailey) cause to be furnished proof of such continued consultation and treatment, together with prognosis as to continued remission or return of depression;
"(3) That Mr. Bailey maintain his workload at a manageable level; that his practice be under the supervision of another attorney (at Bailey's expense) to be approved by the chairman of the Disciplinary Board, which supervising attorney shall submit periodic reports to Disciplinary Counsel not less than monthly or such *276 other period as the supervising attorney and Disciplinary Counsel may mutually agree;
"(4) That Mr. Bailey, during the probation period, shall in all particulars closely observe and maintain compliance with the North Dakota Rules of Professional Conduct;
"(5) Mr. Bailey shall pay costs and expenses of the disciplinary proceedings as may be assessed."
Bailey consented to probation and twice met with the Chair of the Disciplinary Board to discuss implementing the order of probation. Bailey suggested an attorney in his office building as the supervising attorney. The board chair later discovered the proposed supervising attorney could not supervise Bailey because the attorney's malpractice insurance would not cover those activities. Bailey agreed to obtain malpractice coverage. Bailey did not respond to inquiries on his search for insurance. The proposed supervising attorney informed the board that Bailey had moved out of the office building making it unfeasible to supervise Bailey's activities.
On October 11, 1994, the board issued an order to show cause why Bailey's probation should not be revoked. At the hearing, Bailey argued that he had in fact complied with the order of probation. Bailey said another attorney was currently supervising him. This previously disciplined attorney was neither approved by the chair, nor had he submitted periodic reports on Bailey's status, as required by the probation. Further, Bailey had still not paid the costs imposed upon him. The board recommended the probation be revoked for failure to comply with the order.

C
The third petition involved two separate instances of misconduct by Bailey. In the first, Bailey admitted to failing to attend a scheduled deposition and failing to notify his client of the deposition. As a result, opposing counsel moved for sanctions and costs. Bailey did not respond to the motion or notify his client. The trial court ordered sanctions of $656.50, and a dismissal with prejudice if there was no reply within thirty days. Bailey again did not pay the sanction or notify his client. The client secured another lawyer, learned of the sanction, and dismissal of the case was prevented.
In the second matter, Bailey admitted to failing to file a complaint after the client instructed him to do so, and Bailey falsely telling the client he had filed the complaint.
The board concluded these two incidents violated Rules 1.3, 1.4, and 1.16(a)(2), N.D.R. Prof.Cond. The board also found Bailey violated Rule 1.2(a)(3), of the North Dakota Procedural Rules for Lawyer Disability and Discipline, because he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Bailey admitted the allegations, but disagreed with the recommended disposition, disbarment.
In addition to the misconduct listed above, Bailey also admitted to the following aggravating circumstances:
"(a) Prior disciplinary offenses, as follows:
Private Reprimand by the Disciplinary Board of the Supreme Court, September 26, 1984
Public Reprimand and costs, Disciplinary Action Against Bailey, 392 N.W.2d 828 (N.D.1986)
Six month' suspension, Disciplinary Action Against Bailey, 408 N.W.2d 737 (N.D.1987)
Public Reprimand and costs, Disciplinary Board of the Supreme Court of the State of North Dakota v. Bailey, 472 N.W.2d 472 (N.D.1991)
"(b) Additionally, two disciplinary proceedings (File No. 1943-E-91 and 2048-E-92) are currently pending before the North Dakota Supreme Court.
"(c) A pattern of misconduct has been established by Bailey in his neglect of client matters and misrepresentation to them.
"(d) Deceptive practices during the disciplinary process. Mr. Bailey presented to Dr. David A. Sharbo on April 23 and 28, 1993, and at hearing June 23, 1993, before a Hearing Body in File No. 2048-E-92 *277 that he has been stable regarding his depression since mid-1992. Dr. Sharbo's determination was that Mr. Bailey was not medically disabled from performing the responsibilities of his licensed profession. Mr. Bailey did not disclose the neglect and misrepresentation to clients in the instant matters either to Dr. Sharbo or the Hearing Body and affirmatively presented himself as able to practice law."

II
The Disciplinary Board recommended disbarment under the North Dakota Standards for Imposing Lawyer Sanctions, 4.41(c) and 8.1(b). Under the factors to be considered in imposing sanctions, the board found Bailey's lack of diligence and his prior discipline orders to be applicable.
"4.4 Lack of Diligence
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:
4.41 Disbarment is gen[e]rally appropriate when:
* * * * * *
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client."
Rule 4.4, NDSILD.
"8.0 Prior Discipline Orders
Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving prior discipline.
8.1 Disbarment is Generally Appropriate When a Lawyer:
* * * * * *
(b) has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession."
Rule 8.0, NDSILD.
Bailey argues the bar is failing to address mental health issues if it simply disbars lawyers suffering from that disability. Under Rule 5.1, North Dakota Procedural Rules for Lawyer Disability and Discipline, this Court ordered a medical expert, Dr. Sharbo, to evaluate Bailey to determine if he was under any disability. That rule sets the procedure in disability proceedings. If the lawyer is under a disability, the lawyer is transferred to inactive status. This transfer is not discipline. Inactive status merely protects the public while giving the disabled lawyer an opportunity to rehabilitate.
The undisputed evidence indicates Bailey is under no disability. Both Dr. Block, Bailey's treating psychiatrist, and Dr. Sharbo, concluded Bailey was in full remission from his depression. Bailey himself contends he is not disabled. Dr. Sharbo conducted interviews with Bailey to reach this conclusion at the same time Bailey was engaged in the misconduct set forth in the third petition. Thus, Bailey's misconduct was not a result of his medical condition.
Finally, the Disciplinary Board complied with Bailey's requests for peer review and supervision in the past. As is evident from the revocation of probation, Bailey does not appear to find such programs worth his effort. According to Bailey, maintaining contact with the board regarding his activities is a "useless and token gesture."

III
In her brief to this Court, Disciplinary Counsel requested restitution and costs for the three petitions. The Disciplinary Board recommended restitution of $956.50 under the third petition and costs and expenses of $5,691.89 for the three proceedings. Disciplinary counsel requests additional restitution of $2,550 under the first petition. The board reviewed the Hearing Body's recommendation for the first petition, but deleted restitution from its report.
The board did not state its reason for deleting the restitution, and in the future, the *278 board should state its reason. It appears, however, the restitution was deleted because recovery of the $2,550 was more properly the subject of a malpractice action. The damages incurred by the client in the first petition are not of such a definite causal relation to allow restitution. See Martinson Bros. v. Hjellum, 359 N.W.2d 865, 875 (N.D.1985). We adopt the board's recommendations and allow restitution, costs, and expenses as reported.

IV
Colin Bailey has engaged in repeated violations of the North Dakota Rules of Professional Conduct and has a record of prior discipline orders. We, therefore, order his disbarment from the practice of law. In addition, we impose costs and expenses in the amount of $5,691.89, and restitution in the amount of $956.50.
VANDE WALLE, C.J., and SANDSTROM, MESCHKE, LEVINE and NEUMANN, JJ., concur.