**In the Matter of the Application for DIS-CIPLINARY ACTION AGAINST Robert B. BAIRD, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF the SU-PREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,**

v.

**Robert B. BAIRD, Respondent.**

**No. 920395.**

Supreme Court of North Dakota.

Feb. 17, 1993.

## ORDER OF DISCIPLINE

On December 30, 1992, the Disciplinary Board of the Supreme Court filed its Report with this Court. The record of the disciplinary proceedings shows that a Summons and Petition for Discipline were served on Robert B. Baird on July 29, 1992. The Petition alleged violations of EC 5–6, DR 5–102, DR 9–102, DR 6–101, DR 7–101, DR 2–106, DR 5–101, and DR 1–102(A)(4), (5), and (6), North Dakota Code of Professional Responsibility and Rule 1.5, North Dakota Rules of Professional Conduct. Mr. Baird was admitted to practice July 15, 1949.

The matter was brought before a Hearing Body of the Disciplinary Board by Stipulation. In the Stipulation filed by Robert B. Baird and Vivian E. Berg, Disciplinary Counsel, Mr. Baird admitted that he neglected the estate of William Ridl, did not proceed zealously and did not preserve the identity of client funds and property. Mr. Baird was ordered to return certain funds to the estate and a compromised settlement was approved by the trial court. According to the record, Mr. Baird has paid the settlement in full; therefore, no restitution is owing.

The Hearing Body made its Findings and Recommendations to the Disciplinary Board, accepting the Stipulation and recommended discipline filed by Mr. Baird and Ms. Berg. The Stipulation recommended that Mr. Baird tender his resignation as a member of the Bar of the State of North Dakota. It also provided that Mr. Baird may not apply for reinstatement until the expiration of at least five years from the date of acceptance of the resignation and application for reinstatement shall be made under Rule 4.5, NDPRLDD or successor rule. Finally, Mr. Baird also agreed to pay the costs and expenses of the proceedings in the amount of $500.00.

On December 4, 1992, the Disciplinary Board unanimously adopted the Findings and Recommendations of the Hearing Body. On December 30, 1992, the Disciplinary Board filed its Report with the Supreme Court for consideration pursuant to Rule 3.1(F), NDPRLDD. The Court considered the matter, and

ORDERED, that the resignation of Robert B. Baird as a member of the Bar of the State of North Dakota be accepted.

IT IS FURTHER ORDERED, that Mr. Baird cannot apply for reinstatement of his license to practice law until the expiration of at least five years from the date of this Order. Application for reinstatement shall be made under Rule 4.5, NDPRLDD, or a successor rule.

IT IS FURTHER ORDERED, that Mr. Baird pay the costs and expenses of the proceedings in the amount of $500.00.

/s/Gerald W. VandeWalle
GERALD W. VANDE WALLE, Chief Justice
/s/Herbert L. Meschke
HERBERT L. MESCHKE, Justice
/s/Beryl J. Levine
BERYL J. LEVINE, Justice
/s/William A. Neumann
WILLIAM A. NEUMANN, Justice

SANDSTROM, Justice, dissenting.

I dissent. I would reject the Report and Stipulation which permit resignation instead of proceeding toward disbarment.