In the Matter of the Application for DIS-CIPLINARY ACTION AGAINST Robert W. KINSEY, a Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD OF the SUPREME COURT of the State of North Dakota, Petitioner,

v.

Robert W. KINSEY, Respondent.

Nos. 940308, 940309.

Supreme Court of North Dakota.

Nov. 2, 1994.

## ORDER OF DISCIPLINE

On October 11, 1994, the Disciplinary Board of the Supreme Court filed its Report with this Court. The records of the disciplinary proceedings show that Summonses and Petitions for Discipline were served on Robert W. Kinsey on February 28, 1992, in Disciplinary Board File No. 1527–W–88, Supreme Court No. 940308, and on October 28, 1992, in Disciplinary Board File No. 1862–W–90, Supreme Court No. 940309.

The Petition in File No. 1527–W–88 alleged violations of DR 1–102(A)(4), (5), and (6), DR 5–101, DR 5–105 and DR 7–101, North Dakota Code of Professional Respon-sibility, which require that a lawyer not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; not engage in conduct that is prejudicial to the administration of justice; not engage in any other conduct that adversely reflects on the lawyer's fitness to practice law; not accept employment if the exercise of the lawyer's professional judgment on behalf of the client will be or reasonably may be affected by the lawyer's own interests, except with the client's consent after full disclosure; refuse to accept or continue employment if the exercise of the lawyer's judgment on behalf of the client will be or is likely to be adversely affected by the lawyer's representation of another client; and requires that a lawyer not intentionally fail to seek the lawful objectives of the client, fail to carry out a contract of employment, or prejudice or damage the client during the course of the professional relationship. The Petition further alleged that Kinsey's conduct violated Section 27–14–02(3), N.D.C.C., which provides that a lawyer's certificate of admission to the bar may be revoked or suspended where the lawyer has willfully violated any of the duties of an attorney; and Section 27–14–02(7), N.D.C.C., which provides that a lawyer's certificate of admission to the bar may be revoked or suspended where the lawyer has committed an act which tends to bring reproach upon the legal profession.

The Petition in File No. 1862–W–90 alleged violations of Rule 3.3, North Dakota Rules of Professional Conduct, which requires candor toward a tribunal and Rule 1.2, (A)(3) and (8), North Dakota Procedural Rules of Lawyer Disability and Discipline, which prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct prejudicial to the administration of justice. On April 8, 1994, based on a plea agreement, a criminal judgment was entered finding Kinsey guilty of making false statements in violation of Section 12.1–11–02(1), N.D.C.C., a class A misdemeanor. On May 11, 1994, this Court entered an Order of Interim Suspension suspending Kinsey until further order pending disposition of disciplinary proceedings predicated upon the conviction. See *In the Matter of Disciplinary Action Against Kinsey,* 516 N.W.2d 278 (N.D.1994).

The matters were brought before a Hearing Body of the Disciplinary Board by Stipulation. In the Stipulation filed by Robert W. Kinsey, James L. Norris, counsel for Kinsey, and Vivian E. Berg, Disciplinary Counsel, Kinsey acknowledged that a malpractice judgment against him was affirmed in *Bjorgen v. Kinsey,* 466 N.W.2d 553 (N.D.1991), and that the disciplinary proceedings in File No. 1527–W–88 are premised upon the facts and circumstances asserted by the plaintiff, Anita Bjorgen, in those proceedings. Kinsey also acknowledged that the disciplinary proceedings in File No. 1862–W–90 are premised upon conduct that occurred during efforts to execute on the judgment in the above malpractice case and that he was criminally convicted, by *Alford* plea, for this conduct.

The records show, and Kinsey acknowledges, that he has not renewed his license to practice law in North Dakota since 1992. Kinsey admits that he is not licensed to practice law in any other state but is pursuing graduate studies at Antioch University in New Hampshire and has been accepted in the doctoral program in clinical psychology beginning September 12, 1994.

Kinsey asserts, as mitigation, that the conduct complained of occurred during a time of extreme emotional pressure for which he sought and received therapy. Kinsey is presently taking medication for hypothyroidism, a condition that results in memory loss and aberrant behavior. Kinsey contends that he had hypothyroidism during the time in question and for which he will be treated for the rest of his life.

Kinsey also agreed to pay for the costs and expenses of the disciplinary proceedings in the amount of $500.00. The Disciplinary Board adopted the Findings and Recommendations of the Hearing Body and submitted them with its Report to this Court for consideration. The Court considered the matter, and

ORDERED, that the resignation of Robert W. Kinsey as a member of the Bar of the State of North Dakota be accepted.

IT IS FURTHER ORDERED, that Kinsey may not apply for reinstatement of his license to practice law until the expiration of at least five years from the date of the filing of this Order by the Clerk of the North Dakota Supreme Court. Application for reinstatement shall be made under Rule 4.5 North Dakota Procedural Rules for Lawyer Disability and Discipline or a successor rule.

IT IS FURTHER ORDERED, that Kinsey pay the costs and expenses of the disciplinary proceedings in the amount of $500.00, payable to the Secretary of the Disciplinary Board.

/s/ Herbert L. Meschke
HERBERT L. MESCHKE
Justice

/s/ Beryl J. Levine
BERYL J. LEVINE
Justice

/s/ William A. Neumann
WILLIAM A. NEUMANN
Justice

SANDSTROM, Justice, dissenting.

I dissent. Resignation is not the same as disbarment. I would reject the Report and Stipulation which permits resignation instead of proceeding toward disbarment.

GERALD W. VANDE WALLE, C.J., deeming himself disqualified, did not participate.