1997 ND 79

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Patrick F. LEIER, A Member of the Bar of the State of North Dakota.

DISCIPLINARY BOARD of the SUPREME COURT of the STATE OF NORTH DAKOTA, Petitioner,

v.

Patrick F. LEIER, Respondent.

Civil Nos. 960248–960257, 960390.

Supreme Court of North Dakota.

April 22, 1997.

Vivian Elaine Berg, Disciplinary Counsel, Bismarck, for petitioner.

Frederick E. Whisenand, Jr., of Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P., Williston, for respondent. Submitted on brief.

PER CURIAM.

[¶ 1] This is a disciplinary action against attorney Patrick F. Leier. In separate reports filed on September 4, 1996 and December 18, 1996, under Rule 3.1(F), of the North Dakota Rules for Lawyer Discipline, the Disciplinary Board found Leier committed numerous violations of the North Dakota Code of Professional Responsibility and the North Dakota Rules of Professional Conduct.[1] The Board recommends to the court Leier be allowed to resign from the practice of law for his misconduct, without possibility of reapplication for six years. The Board also recommends Leier be required to make restitution to specific complainants in the total amount of $151,811.92 and pay costs of the disciplinary proceedings of $1,351.30. Counsel for the Disciplinary Board filed objections, under Rule 3.1(G), of the North Dakota Rules for Lawyer Discipline, asserting disbarment, rather than resignation, is the appropriate sanction for Leier's misconduct in this case. *Compare Matter of Disciplinary Action Against Anseth,* 1997 ND 66, ¶ 16, 562 N.W.2d 385 (1997) (where Board dismissed disciplinary action against attorney and did not file a report, the Supreme Court exercised its inherent disciplinary power to review the Board's actions).

[¶ 2] Leier signed stipulations on December 22, 1994 and September 27, 1996, conceding he committed the violations charged, agreeing to pay the recommended restitution and disciplinary costs, and requesting he be allowed to resign from the practice of law, but consenting to accept whatever discipline the court determines to be appropriate. The December 22, 1994 stipulation states, in part:

"If the resignation as a member of [the] Bar of the State of North Dakota is not

---

1. The North Dakota Code of Professional Responsibility was in effect through December 1987 when it was replaced by the current North Dako-ta Rules of Professional Conduct. Leier's violations span both conduct guides.

accepted, Leier is agreeable to and will accept whatever penalty the Disciplinary Board and the Supreme Court determine is appropriate in these proceedings.... [T]he request is that the Supreme Court enter its order without need for further hearing."

In his appellate brief, Leier's counsel states:

"Leier acknowledges that the Court may impose whatever discipline it feels is appropriate. Consequently, Leier has no intention of challenging any discipline that the Court may now elect to impose in these proceedings, whether it be disbarment or resignation."

■■■ [¶ 3] We review disciplinary proceedings against attorneys *de novo* on the record under a clear and convincing standard of proof. *Disciplinary Action Against Rau,* 533 N.W.2d 691, 692 (N.D.1995). We accord due weight to the findings, conclusions, and recommendations of the Disciplinary Board; however, we do not act as a mere "rubber stamp" for those findings and recommendations. *Disciplinary Board v. Gray,* 544 N.W.2d 168, 171 (N.D.1996). Each disciplinary case must be reviewed upon its own facts to determine what discipline is warranted. *Matter of Disciplinary Action Against Nassif,* 547 N.W.2d 541, 542 (N.D.1996).

■■■ [¶ 4] Leier was admitted to practice in the courts of this state on October 6, 1980. In representing clients between 1985 and 1993, Leier exhibited reprehensible conduct for a practicing attorney.[2] In numerous instances he failed to diligently represent his clients' interests, he mishandled client funds, and he lied to clients about the progress of their cases and the work he had done on their behalf. We need not detail the misconduct of the eleven separate disciplinary files. It is sufficient Leier concedes all charges of inappropriate conduct are true and concedes he violated the Code of Professional Responsibility, specifically, DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, and misrepresentation); DR 6–101(A)(3) (neglect of entrusted legal matters); DR 7–101(A) (failure to represent a client zealously); and DR 2–110; DR 5–102; DR 5–105 (prejudice and damage to a client during the course of professional relationship). Leier also concedes he violated the Rules of Professional Conduct, specifically, Rule 1.1 (failure to provide competent representation); Rule 1.3 (failure to act with reasonable diligence and promptness in representing a client); Rule 1.4 (failure to reasonably inform and explain matters to a client); Rule 1.5 (charging unreasonable fees and failing to reasonably communicate about fees with the client); Rule 1.8(a) (engaging in transactions not fair and reasonable to the client or without appropriate client notification and consent); Rule 1.15(c) (failing to keep lawyer and client property separate during representation); Rule 4.1 (making false statements to a third person in the course of representing a client); Rule 5.5 (unauthorized practice of law); Rule 8.1 (knowingly making false statements or failing to disclose necessary facts about disciplinary matters); and Rule 1.15 (failure to safeguard client funds or to maintain full records and render an accounting to the client). Leier further concedes his conduct violated the North Dakota Procedural Rules for Lawyer Disability and Discipline, specifically, Rule 1.2(A)(3) and (8) (conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct that is prejudicial to the administration of justice) and Rule 6.3(A)(1) (failure to notify clients of suspension from the practice of law).

[¶ 5] Leier admits his conduct, absent mitigating factors, warrants disbarment from the practice of law. However, Leier asserts he suffered from mental illness, and in particular severe depression, when his misconduct took place, and his illness was not diagnosed or treated until recently. He requests this court to consider his illness a mitigating factor and to accept his resignation instead of disbarring him.

[¶ 6] We summarized the relevance of emotional problems and mental disabilities as mitigating factors in *Disciplinary Action Against Rau,* 533 N.W.2d at 694–695:

"Although personal or emotional problems and mental disabilities are mitigating fac-

---

**2.** Leier has not been licensed since his license was suspended on December 31, 1993, for failure to fulfill continuing legal education requirements.

tors that may reduce a disciplinary sanction against an attorney, they do not justify or excuse the attorney's misconduct.... Nor do they shield the attorney from professional responsibility.... Rather, they are offered and considered merely as explanations of the lawyer's conduct in order to temper the imposed sanction.

\* \* \* \* \*

"When an attorney seeks mitigation of a sanction for professional misconduct by reason of psychological disability, the attorney must at least demonstrate he had a severe psychological or emotional problem and it was the cause of the misconduct.... Rau offered no expert testimony to show his mental illness either caused or contributed to his breaches of professional conduct.... Therefore, we can only speculate about the effect his illness had on his actions, and we need more than speculation to mitigate his sanction for professional misconduct." (Citations omitted.)

Here, too, Leier has presented minimal evidence that his mental illness caused his professional misconduct. "Correlation is not synonymous with causation." *Disciplinary Action Against Rau*, 533 N.W.2d at 695.

[¶ 7] We have in limited instances accepted resignation of an attorney in lieu of disbarment or other disciplinary sanction. *See, e.g., Disciplinary Action Against Kinsey*, 524 N.W.2d 89 (N.D.1994); *Disciplinary Action Against Baird*, 496 N.W.2d 552 (N.D. 1993). However, the primary purpose of disciplinary proceedings is to protect the public. *Disciplinary Action Against Rau*, 533 N.W.2d at 695; *Disciplinary Action Against Larson*, 485 N.W.2d 345 (N.D.1992). We agree with the Supreme Court of Minnesota that resignation is not an effective deterrent to future legal misconduct. *See, e.g., Matter of Discipline of Peck*, 302 N.W.2d 356, 360 (Minn.1981). Especially where there is a pattern of repeated conduct violations, as in this case, disbarment is justified and necessary. *See, e.g., Matter of Bailey*, 527 N.W.2d 274, 278 (N.D.1995).

[¶ 8] Having considered all factors presented in this record, we conclude disbarment is the appropriate sanction. Accordingly, we order Patrick F. Leier be disbarred and his name removed from the role of lawyers authorized to practice before this court. We further order that Leier pay restitution to wronged clients in accordance with the stipulations and that he pay the costs and expenses of the disciplinary proceedings.

[¶ 9] Disbarred.

[¶ 10] VANDE WALLE, C.J., and SANDSTROM, NEUMANN, MARING, and MESCHKE, JJ., concur.

