1998 ND 60

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Glenn K. SWANSON, a Member of the Bar of the State of North Dakota.**

**DISCIPLINARY BOARD OF THE SUPREME COURT OF NORTH DAKOTA, Petitioner,**

v.

**Glenn K. SWANSON, Respondent.**

Nos. 980070, 980071.

Supreme Court of North Dakota.

March 20, 1998.

## ORDER FOR DISCIPLINE

[¶ 1] On March 3, 1998, the Disciplinary Board filed its Report with Conditional Admission for discipline of Glenn K. Swanson attached. The Disciplinary Board approved Mr. Swanson's Conditional Admission and submitted it to the Court for consideration under Rules 4.2 and 5.1, North Dakota Rules for Lawyer Discipline (NDRLD).

[¶ 2] Under the Conditional Admission, Mr. Swanson consented to an order immediately transferring him to disability inactive status until further order of this Court. This consent was based on two pending disciplinary matters: Estate of Edwin O. Hoffas and Estate of Wilmer Anderson.

[¶ 3] In the matter of the Estate of Hoffas, the Petition for Discipline asserts that Mr. Swanson represented the Personal Representative in the latter part of 1981. In May 1986, Mr. Swanson was paid $75,000 for attorneys fees but work on the estate was not complete. At the hearing on the final report and accounting on July 29,1986, the trial court directed Mr. Swanson to submit time sheets to the clerk not later than 5 p.m. that day; Mr. Swanson failed to do so. The Petition asserts that Mr. Swanson had an impermissible conflict of interest in his representation as his judgment and loyalty on behalf of the estate were likely to be affected by his interest in generating fees.

[¶ 4] The Petition for Discipline states that Mr. Swanson's conduct in the Estate of Hoffas violated the Code of Professional Conduct (CPR) in effect until January 1, 1988, and statute, specifically Disciplinary Rule (DR) 1–102(A)(2) (circumvent a Disciplinary Rule through the actions of another), (5) (engage in conduct prejudicial to the administration of justice), and (6) (engage in any other conduct that adversely reflects on his fitness to practice law); DR 2–106(A) (a lawyer may not enter into an agreement for, charge, or collect an illegal or clearly excessive fee), and (B) (a fee is clearly excessive if, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee); DR 5–105(A) (lawyer shall decline proffered employment if his independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment or if it would be likely to involve him in representing differing interests); and DR 6–101(A) (a lawyer shall not handle a legal matter which he knows or should know that he is not competent to handle, handle a legal matter without adequate preparation, or neglect a legal matter entrusted to him); and § 27–14–02(2), NDCC, (willfully disobey or violate an order of the court requiring him to do or to refrain from doing an act connected with or in the course of his professional practice). As an aggravating circumstance, the Petition alleges that Mr. Swanson has developed a pattern of misconduct, which has been uncorrected by three prior disciplinary orders.

[¶ 5] In the Conditional Admission, Mr. Swanson does not admit to any wrongdoing in the Estate of Hoffas. In his Answer, Mr. Swanson asserts that all unearned fees were deposited with the Court to be distributed between the personal representative and Mr. Swanson in proportion to their contributions. Mr Swanson does admit that the fee was substantially in excess of a fee for a normal estate proceeding but that this probate was not usual and the work performed substantially succeeded the work performed in a normal estate.

[¶ 6] In the matter of the Estate of Anderson, the Petition for Discipline alleges that Mr. Swanson was appointed both Personal Representative and attorney for the estate. Under the terms of the will, the entire estate was left to Wilmer Anderson's sister Agness P. Bong. Mr. Swanson failed to distribute the assets and timely conclude the estate. He was removed as personal representative by order of the Court on July 25, 1994.

[¶ 7] The Petition further alleges that in September 1983, Mr. Swanson secured a contract for deed wherein Agness P. Bong transferred real property, which she was to have inherited from her brother, to Mr. Swanson's wife and son, Bevdi L. Swanson and Marc K. Swanson. The purchase price for the property was $186,000 with a $6,000 down payment and the remainder to be paid in annual installments of 30% of the income derived

from the property. The purchase price was one-half the evaluation of the property for estate tax purposes. Mr. Swanson also reported a $50,000 attorney fee on the federal estate tax return. The Petition asserts that the agreement on the property was obtained by fraud, deceit, misrepresentation, and overreaching in taking advantage of an elderly woman and breach of fiduciary duty of Mr. Swanson, as the Personal Representative and attorney of the Anderson Estate.

[¶ 8] The Petition for Discipline states that Mr. Swanson's conduct violated the Code of Professional Responsibility and after January, 1988, the Rules of Professional Conduct (RPC), specifically DR 1–102(A)(2) (circumvent a disciplinary rule through the actions of another), (4) (engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and (6) (engage in any other conduct that adversely reflects on his fitness to practice law); DR 2–106(A) (a lawyer may not enter into an agreement for, charge, or collet an illegal or clearly excessive fee); DR 5–104(A) (a lawyer shall not enter into a business transaction with a client if they have differing interests); DR 5–105 (refusing to accept or continue employment if the interest of another client may impair the independent professional judgment of the lawyer); DR 6–101(A)(3) (failing to act competently), CPR; Rules 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); 1.5 (a lawyer's fee shall be reasonable); 1.7 and 1.8 (conflict of interest), RPC; and Rule 1.2 (it is misconduct and grounds for disciplinary sanctions for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation), North Dakota Procedural Rules for Lawyer Disability and Discipline (NDPRLDD).

[¶ 9] In his Conditional Admission, Mr. Swanson admits his actions or lack of action in the Anderson Estate led to damages to the estate as determined by the trial court in an amount of $32,710.46. Mr. Swanson further states that a significant portion of that amount was interest owed to the estate and that those funds were repaid to the estate on October 22, 1996.

[¶ 10] In his Answer to the Petition for Discipline in the Anderson Estate, Mr. Swanson disagrees with the Petition's characterization of the circumstances surrounding the contract for deed. Mr. Swanson asserts that the contract was competently, voluntarily, and willingly executed by Agness P. Bong and that the terms were not as simple as the Petition stated.

[¶ 11] In his Conditional Admission, Mr. Swanson requests a transfer to disability inactive status because his health is fragile. Mr. Swanson has been plagued by diabetes and heart problems and complications from both. Mr. Swanson has been advised that he requires additional heart surgery and will be treated at Mayo Clinic beginning in January, 1998. Mr. Swanson asserts that his health has adversely affected his ability to continue the practice of law and resulted in his failure to renew his license to practice law in 1998.

[¶ 12] **IT IS HEREBY ORDERED** the Report of the Disciplinary Board and Conditional Admission of Glenn K. Swanson are REJECTED. The documentation provided does not indicate that Glenn K. Swanson is unable to defend the charges involved in the disciplinary proceedings to justify transfer to disability inactive status and Rule 5.1, NDRLD, does not allow the use of disability procedure as a substitute for discipline.

[¶ 13] **IT IS FURTHER ORDERED,** under Rule 3.4, NDRLD, Glenn K. Swanson's certificate of admission to the Bar of the State of North Dakota is SUSPENDED effective immediately and until further order of this Court pending disposition of the proceedings predicated upon the conduct giving rise to the Petitions for Discipline.

[¶ 14] **IT IS FURTHER ORDERED** Mr. Swanson give notice to his clients and others as required in Rule 6.3, NDRLD, and that proof of such compliance be filed with the Supreme Court.

[¶ 15] BY THE COURT:

/s/ Gerald W. Vande Walle
Gerald W. Vande Walle
Chief Justice

/s/ Herbert L. Meschke
Herbert L. Meschke
Justice

/s/ William A. Neumann
William A. Neumann
Justice

/s/ Dale V. Sandstrom
Dale V. Sandstrom
Justice

/s/ Mary Muehlen Maring
Mary Muehlen Maring
Justice