Filed 1/15/02 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2002 ND 6

In the Matter of the Application 

for Disciplinary Action Against

Glenn K. Swanson, a Member of 

the Bar of the State of North Dakota

Disciplinary Board of the Supreme 

Court of the State of North Dakota, Petitioner

v.

Glenn K. Swanson, Respondent

Nos. 20010160-20010161

Application for disciplinary action.

DISBARMENT ORDERED.

Per Curiam.

Paul W. Jacobson, Disciplinary Counsel, P.O. Box 2297, Bismarck, N.D. 58502-2297, for petitioner.

Richard P. Olson of Olson Burns Lee, P.O. Box 1180, Minot, N.D. 58702-

1180, for respondent.

Disciplinary Board v. Swanson

Nos. 20010160-20010161

Per Curiam

[¶1] The disciplinary counsel objects to the Disciplinary Board’s recommendation that Glenn K. Swanson receive a three-year suspension, with credit for the time he has been suspended pending this proceeding.  We reject the recommendation of the Disciplinary Board and order Glenn K. Swanson be disbarred.

I

[¶2] Glenn K. Swanson was admitted to practice law in North Dakota in 1949.  Swanson was retained to probate the Edwin O. Hoffas estate in 1981.  Swanson was paid $75,000 for attorneys fees in 1986, when the work had not been completed.  The personal representative was paid a fee of $30,000.  In July 1986, at a hearing on the Final Report and Accounting, Judge Benson ordered Swanson to submit time sheets to the court to show work related to the estate.  Swanson failed to submit the time sheets.  Swanson was ordered to refund $31,310 to the estate, and the personal representative was ordered to refund $15,000.  In December 1986, the court ordered removal of the personal representative, and another attorney was appointed to protect the heirs’ interests.  Judge Benson held Swanson and the personal representative in contempt for violating the court order requiring them to furnish statements of their fees.

[¶3] Swanson was appointed executor of the Wilmer Anderson estate in May 1981.  The will left the entire estate to Anderson’s sister, Agnes P. Bong.  Swanson was removed as personal representative in July 1994, at which time the Anderson estate had been open for thirteen and one-half years.  Swanson had failed to prepare an accounting and more than $20,000 remained in the estate account.  

[¶4] On June 26, 2001, the Disciplinary Board Hearing Panel found Swanson’s conduct involving the Hoffas estate violated the following rules under the Code of Professional Responsibility:
(footnote: 1)  DR 2-106(A), which provides a lawyer may not enter an agreement for, charge, or collect an illegal or clearly excessive fee; DR 6-101(A), which provides a lawyer shall not neglect a legal matter entrusted to him; and N.D.C.C. § 27-14-02(2), which provides an attorney shall not willfully disobey or violate a court order requiring him to do or refrain from doing an act connected with or in the course of his professional practice.  In addition, the hearing panel found Swanson’s handling of the Anderson estate violated DR 6-101(A)(3), which provides a lawyer shall not neglect a legal matter entrusted to him, and Rule 1.3, N.D.R. Prof. Conduct, which provides a lawyer shall act with reasonable diligence and promptness in representing a client.  The hearing panel found the appropriate discipline for Swanson’s misconduct was aggravated by his prior disciplinary history involving conduct similar to his conduct in these matters.  Swanson’s prior disciplinary history included private reprimands in May 1979 and in December 1982.  Swanson was suspended from the practice of law for forty-five days in August 1983, and received a ninety-day suspension in June 1995.  

[¶5] In March 1998, the Disciplinary Board filed its Report with Conditional Admission for discipline of Swanson, requesting that Swanson be transferred to disability status.  This Court rejected the Disciplinary Board’s report, ordering Swanson be suspended pending the disposition of the outcome of this case.  
See
 
Disciplinary Bd. v. Swanson
, 1998 ND 60, ¶¶ 12, 13, 575 N.W.2d 218.  The hearing panel recommended Swanson be suspended from the practice of law for five years and that he pay the cost of the proceedings.  The Disciplinary Board adopted the hearing panel’s findings and conclusions, but recommended that Swanson receive a three-year suspension,
(footnote: 2) with credit for time served while suspended, and that he pay $4,029.70 in costs and expenses.  The disciplinary counsel objected to the Board’s recommendation and asserted that Swanson should be disbarred.  We agree.

II

[¶6] We review disciplinary proceedings de novo under a clear and convincing standard of proof.  
Disciplinary Bd. v. Nassif
, 547 N.W.2d 541, 542 (N.D. 1996).  De novo review generally means we give due weight to the hearing panel’s findings and recommendations, but we do not act as a mere rubber stamp.  
Disciplinary Bd. v. Keller
, 2000 ND 221, ¶ 8, 620 N.W.2d 156.  Each attorney discipline case must be reviewed on its own facts to determine what discipline is warranted.  
Disciplinary Bd. v. Leier
, 1997 ND 79, ¶ 3, 562 N.W.2d 741.      

III

[¶7] There is no dispute over whether Swanson’s actions in handling the Hoffas and Anderson estates constituted misconduct.  The Disciplinary Board adopted the hearing panel’s conclusions that Swanson’s conduct violated both the Code of Professional Responsibility and the Rules of Professional Conduct.  The hearing panel found Swanson’s conduct involving the Hoffas estate violated DR 2-106(A), DR 6-101(A), and N.D.C.C. § 27-14-02(2).  Swanson’s conduct involving the Anderson estate was found to have violated DR 6-101(A)(3) and Rule 1.3, N.D.R. Prof. Conduct.  Swanson does not challenge these findings.  We conclude there was clear and convincing evidence in the record to support them.

[¶8] Disciplinary counsel argues disbarment is the appropriate sanction based on Swanson’s misconduct.  Swanson contends this Court should adopt the Disciplinary Board’s recommendation of a three-year suspension with credit for time suspended.  In determining the appropriate sanctions for violations of the Rules of Professional Conduct, this Court is guided by the North Dakota Standards for Imposing Lawyer Sanctions.  
Disciplinary Bd. v. Landon
, 1999 ND 202, ¶ 21, 600 N.W.2d 856.  The Standards for Imposing Lawyer Sanctions provide the following factors for this Court to consider: (1) the ethical duty violated by the lawyer; (2) the lawyer's mental state; (3) the extent of actual or potential injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors. N.D. Stds. Imposing Lawyer Sanctions 3.0. 

[¶9] The disciplinary counsel suggests several of the Standards for Imposing Lawyer Sanctions are germane to this case.  Rule 4.4, N.D. Stds. Imposing Lawyer Sanctions, provides the sanctions that are available when a lawyer fails to act with reasonable diligence and promptness in representing a client.  Disbarment is appropriate when “a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.”  N.D. Stds. Imposing Lawyer Sanctions 4.41(c).  Disbarment is also appropriate when a lawyer “has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.”  N.D. Stds. Imposing Lawyer Sanctions 8.1(b).  

[¶10] Swanson argues disbarment is unwarranted because there was no intent to harm his clients or act with selfish motive, and his clients did not suffer any serious injury.  Swanson acknowledges his misconduct in handling the estates, but suggests he is only guilty of procrastination.  “Perhaps no professional shortcoming is more widely resented than procrastination.”  
In re Disciplinary Action Against Seaworth
, 1999 ND 229, ¶ 25, 603 N.W.2d 176 (citing N.D.R. Prof. Conduct 1.3 cmt.).  The comment to Rule 1.3 provides “[a] client’s interest often can be adversely affected by the passage of time or the change of conditions,” thus “a lawyer should carry through to conclusion all matters undertaken for a client.”  
Id.
   

[¶11] In 
Disciplinary Bd. v. LaQua
, 548 N.W.2d 372 (N.D. 1996), we found an attorney’s lack of diligence and failure to close an estate for nineteen years was a grave misconduct that caused serious harm to the beneficiary.  This Court determined disbarment was an appropriate sanction for the type of misconduct committed by the attorney, but instead ordered suspension based on the mitigating factors in the case.  
Id.
 at 377.  Swanson’s misconduct in handling the Hoffas and Anderson estates was similar to that of the attorney in 
LaQua
.  We believe Swanson’s misconduct in handling the two estates caused serious injury and is the type of conduct that warrants disbarment.  
See
 
id.

[¶12] The disciplinary counsel asserts that a number of aggravating factors exist under Rule 9.22, N.D. Stds. Imposing Lawyer Sanctions, to support Swanson’s disbarment.  In a disciplinary proceeding, aggravating circumstances are defined as “any considerations or factors that may justify an increase in the degree of discipline to be imposed.”  N.D. Stds. Imposing Lawyer Sanctions 9.21.  The following relevant factors may be considered in aggravation:  prior disciplinary offenses, a pattern of misconduct, multiple offenses, vulnerability of the victims, and substantial experience in the practice of law.  N.D. Stds. Imposing Lawyer Sanctions 9.22  Swanson has engaged in a pattern of neglect with respect to client matters.  
See
 
In re Discipline of Swanson
, 337 N.W.2d 434 (N.D. 1983).   The hearing panel found Swanson has been reprimanded twice and suspended twice for similar misconduct.  Prior disciplinary actions against an attorney are an appropriate consideration in establishing a pattern of misconduct.  
Disciplinary Bd. v. Howe
, 2001 ND 86, ¶ 29, 626 N.W.2d 650.  When there exists a pattern of repeated conduct violations, disbarment is justified and necessary.  
Leier
, 1997 ND 79, ¶ 7, 562 N.W.2d 741.  We conclude the aggravating factors in this case support Swanson’s disbarment.  

IV

[¶13] Having considered all the factors presented in this case, we conclude disbarment is the appropriate sanction.  Accordingly, we order Glenn K. Swanson be disbarred.  Costs and expenses of the disciplinary proceedings are an authorized sanction, and unless otherwise ordered, are to be assessed against the disciplined lawyer.  
In re Disciplinary Action Against Rau
, 533 N.W.2d 691, 695 (N.D. 1995).  We further order Glenn K. Swanson to pay the secretary of the Disciplinary Board the costs and expenses of these disciplinary proceedings in the amount of $4,029.70, as documented in disciplinary counsel’s affidavit of March 1, 2001. 

[¶14] Gerald W. VandeWalle, C.J.

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

FOOTNOTES
1:    
  Because Swanson’s conduct in handling the Hoffas and Anderson estates began in 1981, events in this case are governed under both the North Dakota Code of Professional Responsibility effective, from January 1, 1977, to December 31, 1987, and the North Dakota Rules of Professional Conduct, effective January 1, 1988.

2:    
  Under N.D.R. Lawyer Discipl. 1.3(a)(2), a suspension by this Court may not exceed three years.