2006 ND 85

In the MATTER OF the Application for DISCIPLINARY ACTION AGAINST Monty G. MERTZ, a Member of the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Monty G. Mertz, Respondent.

No. 20050360.

Supreme Court of North Dakota.

April 24, 2006.

Paul W. Jacobson, Disciplinary Counsel, Bismarck, ND, for petitioner.

Craig E. Johnson, Johnson, Ramstad & Mottinger, P.L.L.P., Fargo, ND, for respondent.

PER CURIAM.

[¶ 1] Disciplinary Counsel and Monty G. Mertz object to a report by the hearing panel of the Disciplinary Board which found Mertz violated N.D.R. Prof. Conduct 3.4(a) and 4.4 and recommended Mertz be suspended from the practice of law for one month and pay $2,966.96 in costs and expenses for the disciplinary proceeding. We conclude there is clear and convincing evidence that Mertz violated N.D.R. Prof. Conduct 4.4, and order that Mertz be publicly reprimanded and pay the costs and expenses of the disciplinary proceeding.

I

[¶ 2] On the night of November 2, 2004, Meagan Mertz, the daughter of attorney Monty Mertz, and her dogs encountered Gary Allen Hanson in a West Fargo park. Meagan Mertz's dogs approached Hanson and one of the dogs bit Hanson's leg. Later that night, Hanson contacted the West Fargo police to report the incident. The police issued a press release, asking for help in identifying the dogs' owner to determine if the dogs had received rabies vaccinations. Hanson also contacted the local news media about his version of the events. Meagan Mertz eventually contacted the West Fargo police and informed them that she owned the dogs and they had received rabies vaccinations.

[¶ 3] Hanson signed a complaint for a vicious-animal-at-large infraction for violation of West Fargo city ordinance 11–0103. A police officer also signed a second complaint for an unlicensed-animal infraction in violation of West Fargo city ordinance 11–0204.

[¶ 4] Monty Mertz subsequently sent Hanson a letter informing Hanson that Mertz was representing his daughter. The letter accused Hanson of lying under oath when he signed the vicious animal at large complaint and included a draft of a defamation complaint that Mertz said he planned to file against Hanson depending upon "how reasonable or unreasonable" Hanson chose to be. The draft of the defamation complaint alleged Hanson "intentionally and maliciously made false and defamatory statements, orally and in writing, about Meagan N. Mertz, stating falsely, among other things, that she committed the public offense of owning a 'vicious dog,' which is defamation per se." The defamation complaint accused Hanson of making defamatory statements to the news media, law enforcement, and the West Fargo Municipal Court. Mertz's letter stated, "If you wish to minimize the consequences to you for your dishonesty, then you will agree to the dismissal of the charge you signed."

[¶ 5] Monty Mertz's letter also offered Hanson a settlement. Mertz asked Hanson to dismiss the vicious dog claim, and in exchange, his daughter would admit to the unlicensed dog charge and pay any reasonable out of pocket expenses Hanson incurred as a result of the bite. The letter gave Hanson a deadline for the settlement and required Hanson to respond by that date or Monty Mertz would file the defamation action.

[¶ 6] A hearing panel concluded Mertz violated N.D.R. Prof. Conduct 3.4(a) and 4.4 and recommended Mertz be suspended

from the practice of law for one month and pay $2,966.96 in costs and expenses for the disciplinary proceeding.

## II

[¶ 7] This Court reviews disciplinary proceedings de novo on the record, and disciplinary counsel must prove each alleged violation of the disciplinary rule by clear and convincing evidence. *Disciplinary Bd. v. Leier*, 1997 ND 79, ¶ 3, 562 N.W.2d 741. We give due weight to the findings, conclusions, and recommendations of the hearing panel, but do not rubber stamp the report. *Id.* We review each case upon its own facts to determine what discipline is warranted. *Id.* The purpose of the disciplinary proceeding is "not to punish an attorney but to determine, in the public interest, if the attorney should be permitted to practice law." *Matter of Application of Kraemer*, 411 N.W.2d 71, 74 (N.D.1987).

### A

[¶ 8] Mertz argues he did not violate N.D.R. Prof. Conduct 3.4(a) by unlawfully obstructing another party's access to evidence, nor did he attempt to dissuade Hanson from providing truthful information or from testifying in court. Mertz argues his letter requests Hanson discontinue making false statements regarding Mertz's client and her dogs. Mertz also argues the request for dismissal of the vicious dog infraction was part of an offer of settlement and was appropriate.

[¶ 9] Rule 3.4(a), N.D.R. Prof. Conduct, states that a lawyer shall not "unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value." The hearing panel concluded Mertz violated this rule when he attempted to intimidate Hanson for the purpose of dissuading him from providing evidence or information to the court by demanding Hanson agree to a dismissal of the vicious dog infraction or he would be sued for defamation for the privileged statements Hanson made to the West Fargo Municipal Court and law enforcement.

[¶ 10] A lawyer violates Rule 3.4(a) when the lawyer threatens a witness with a defamation action for statements the witness made and cannot be held liable for, in an attempt to dissuade the witness from giving evidence to the court, because it attempts to unlawfully obstruct another party's access to evidence. *Disciplinary Action Against Dvorak*, 2000 ND 98, ¶ 13, 611 N.W.2d 147. In *Dvorak*, the attorney sent a letter to a witness threatening a defamation lawsuit based on the witness's privileged communications in answer to a guardian ad litem's questionnaire. *Id.* at ¶ 12. The letter required the witness to "correct" her statements in the questionnaire, or the attorney's client would "pursue all remedies available to him." *Id.* at ¶ 3. This Court concluded the attorney's letter requesting the witness "correct" her privileged statements was an unlawful attempt to dissuade the witness from providing information to the court. *Id.* at ¶ 13. This Court held the attorney violated Rule 3.4 when she threatened the witness with a defamation action based upon the witness's privileged statements. *Id.*

[¶ 11] The situation in *Dvorak* differs significantly from this case. In *Dvorak*, the attorney's action had no legitimacy and served no purpose other than to coerce a witness to change or withhold privileged information from the court. *Dvorak*, 2000 ND 98, ¶ 13, 611 N.W.2d 147. In this case, Mertz had a potentially valid defamation claim for the statements Hanson made to the media, because those statements were not privileged and Hanson could be held liable for them in a defamation suit. Likewise, it is also possible Hanson could be held liable for the statements he made to law enforcement, if they were made with

malice, because statements to law enforcement are only qualifiedly privileged. *Richmond v. Nodland,* 552 N.W.2d 586, 589 (N.D.1996).

[¶ 12] Section 29–01–16, N.D.C.C., allows for compromise of an offense that is an infraction, when the person injured by the offense has a remedy by a civil action. The proceedings against the defendant are terminated if the defendant and the injured party reach a compromise and the injured party receives satisfaction for the injury. N.D.C.C. § 29–01–17. We conclude Mertz's proposed compromise was permissible, under N.D.C.C. §§ 29–01–16 and 29–01–17, to the extent that it proposed payment for Hanson's medical expenses and agreed not to file the defamation action for the statements to police and the news media, if Hanson agreed to dismiss the vicious animal at large complaint.

[¶ 13] We agree with the hearing panel that statements Hanson made to the West Fargo Municipal Court in the vicious dog complaint are absolutely privileged, because they are statements made in a judicial proceeding, and therefore, Hanson cannot be held liable for them. N.D.C.C. § 14–02–05(2); *See Rykowsky v. Dickinson Pub. Sch. Dist. No. 1,* 508 N.W.2d 348, 351 (N.D.1993). Threatening Hanson with a lawsuit based on absolutely privileged statements Hanson made to the West Fargo Municipal Court was impermissible and clearly an error of judgment. Although Mertz's letter included one impermissible threat, we conclude there is not clear and convincing evidence Mertz violated Rule 3.4(a) because his letter was legitimate in many respects and served a purpose other than to coerce Hanson into changing or withhold information from the court.

## B

[¶ 14] Disciplinary Counsel argues, and the hearing panel concluded, Mertz used inappropriate language in the letter to Hanson, which violated N.D.R. Prof. Conduct 4.4. by burdening, embarrassing, and attempting to intimidate Hanson from giving evidence and requesting he agree to the dismissal of the vicious dog infraction pending against Meagan Mertz. We agree.

[¶ 15] Rule 4.4, N.D.R. Prof. Conduct, provides, "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." The comment to Rule 4.4 states, "a lawyer shall not … act on a client's behalf only to harass or maliciously injure another."

[¶ 16] Mertz argues the key language in Rule 4.4 is that the lawyer's actions must have "no substantial purpose" other than to embarrass a third person. He argues there were many valid purposes for the letter, including stopping Hanson from lying, stopping Meagan Mertz's suffering, and compromising the pending infraction and reimbursing Hanson's medical expenses.

[¶ 17] We agree with Mertz that those are all valid purposes for the letter. An attorney can encourage a third party not to lie and remind them they are required to testify truthfully. Likewise, an attorney can attempt to compromise an infraction under N.D.C.C. §§ 29–01–16 and 29–01–17.

[¶ 18] However, we conclude the portion of the letter calling Hanson an animal hater and abuser and the statements suggesting Hanson was sneaking up on Meagan Mertz in the dark do not support the suggested valid purposes and were inappropriate and in violation of Rule 4.4. *See Dvorak,* 2000 ND 98, ¶ 14, 611 N.W.2d 147. Mertz's letter states:

> You would never have been bitten by [Meagan's dog] had you not attacked

her. You must be either an animal hater or ignorant of animals, or both, to conduct yourself the way you did.

The other issue here is that my daughter was alone, on a dark, windy, rainy evening. A reasonable argument can be made that you snuck up on her and the dogs ... The unreasonable, ridiculous, angry, aggressive actions you took were very threatening to [Meagan's dog] and Meagan ... In an atmosphere where Alfonso Rodriguez is facing the death penalty for abducting a young woman just my daughter's age, one should be very careful about sneaking up on a young woman in the dark. If you do, you should be willing to accept the consequences.

[¶ 19] We conclude these statements did not serve the legitimate purposes of Mertz's letter and no substantial purpose existed for these statements other than to embarrass or burden Hanson. We conclude Disciplinary Counsel has proven by clear and convincing evidence that Mertz violated Rule 4.4.

### III

[¶ 20] Disciplinary Counsel objected to the hearing panel's report, arguing Mertz also violated N.D.R. Lawyer Discipl. 1.2(A)(2), through a violation of N.D.C.C. § 12.1–09–01(1)(a) and (b)(1); N.D.R. Prof. Conduct 8.4(d); and N.D.C.C. §§ 27–14–02(1) or 27–14–02(7) through a violation of N.D.C.C. §§ 12.1–09–01(1)(a) and (b)(1). Citing *State v. Howe*, 247 N.W.2d 647 (N.D.1976), in support of its position, Disciplinary Counsel argues Mertz's conduct constituted the criminal offense of tampering with a witness under N.D.C.C. § 12.1–09–01. Although Mertz has not been charged with the criminal offense of tampering with a witness under N.D.C.C. § 12.1–09–01, Disciplinary Counsel contends a conviction is not necessary to find that Mertz's conduct constituted a criminal act and a violation of the disciplinary rules.

[¶ 21] *Howe* does not control in this case, because the only issue before this Court in *Howe* was whether the information was sufficient to charge the defendant with witness tampering under N.D.C.C. § 12.1–09–01. *Howe*, 247 N.W.2d at 655.

[¶ 22] We conclude it is unnecessary to determine whether Mertz's conduct constituted a violation of N.D.R. Lawyer Discipl. 1.2(A)(2), N.D.R. Prof. Conduct 8.4(d), and N.D.C.C. § 27–14–02. Although criminal acts may be the basis of a disciplinary proceeding, Mertz has not been charged or convicted of any criminal offense for his conduct in this case, and we decline disciplinary counsel's invitation to decide whether he committed a criminal offense.

### IV

[¶ 23] The hearing panel recommended Mertz be suspended from the practice of law for one month and pay $2,966.96 in costs and expenses for the disciplinary proceeding. Mertz argues the hearing panel failed to address several mitigating factors, and the recommended sanction is not supported by clear and convincing evidence. Disciplinary Counsel argues Mertz should be suspended from the practice of law for six months and one day.

[¶ 24] Reprimand is appropriate for a violation of duties owed to the profession when "a lawyer negligently engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system." N.D. Stds. Imposing Lawyer Sanctions 7.3.

[¶ 25] When determining the appropriate sanction for a violation we should consider any aggravating or mitigating factors. N.D. Stds. Imposing Lawyer Sanctions 3.0. The hearing panel found the aggravating factors included two pri-

or disciplinary offenses, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. The hearing panel also concluded a portion of the letter may have been an appropriate attempt to compromise the infraction and was a mitigating factor. We conclude the circumstances of this case are exceptional and unlikely to reoccur, and we conclude Mertz does not pose a danger to the public. Although there are aggravating factors, in this case those factors do not warrant an increase in the degree of discipline imposed. We conclude a public reprimand is appropriate.

V

[¶ 26] We conclude Mertz violated N.D.R. Prof. Conduct 4.4, and we order that he be publicly reprimanded and pay $2,966.96 in costs and expenses for the disciplinary proceeding.

[¶ 27] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., and EVERETT NELS OLSON, Surrogate Judge, concur.

[¶ 28] The Honorable EVERETT NELS OLSON, Surrogate Judge, sitting in place of MARING, J., disqualified.