# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 34

City of Dickinson,

Plaintiff and Appellee

v.

Seth Neil Helgeson,

Defendant and Appellant

## No. 20250340

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Christina M. Wenko and Stephen A. Fetch, Dickinson, ND, for plaintiff and appellee; submitted on brief.

Seth Neil Helgeson, Dickinson, ND, defendant and appellant; submitted on brief.

## City of Dickinson v. Helgeson
### No. 20250340

**Crothers, Justice.**

[¶1]   Seth Neil Helgeson appeals after a jury found him in violation of Dickinson Municipal Code § 58-705 for failure to display license plates.[1] Helgeson appeals from the district court's order designating him a vexatious litigant. He claims the district court lacked jurisdiction to determine he was a vexatious litigant. He also claims the vexatious litigant designation violates his constitutional rights. The City of Dickinson claims Helgeson's appellate brief contains fictitious cases and asks us to sanction Helgeson by ordering him to pay the City's attorney's fees in this matter. We affirm and sanction Helgeson $500.00.

I

[¶2]   In March 2025, the automobile driven by Helgeson was stopped and Helgeson was cited for failure to display license plates in violation of Dickinson Municipal Code § 58-705. The case was transferred from municipal to district court for a jury trial. During pre-trial proceedings, Helgeson moved to disqualify the prosecutor, to continue the trial, for rehearing of the denial of the motion to continue, and to stay proceedings. He also made motions in limine, three motions to dismiss, and a motion to disqualify the judge. A jury ultimately found Helgeson "guilty" of the underlying traffic violation. In September 2025, the district court designated Helgeson a vexatious litigant. Helgeson appeals the vexatious litigant order, arguing the court lacked jurisdiction to make that finding.

[¶3]   Whether the proceedings were criminal or civil in nature is a question of law. "Questions of law are fully reviewable on appeal." *Muhlbradt v. Pederson*, 2020 ND 187, ¶ 8, 947 N.W.2d 922. This Court reviews a vexatious litigant designation for an abuse of discretion. *Glaum v. State*, 2024 ND 86, ¶ 15, 6 N.W.3d

---

[1] The verdict form and judgment state Helgeson was found "guilty" of the violation. However, use of the word "guilty" is a misnomer because the charge is a noncriminal infraction. The appropriate disposition was for him to have been adjudicated in violation of the ordinance. *See Andre v. N.D. State Highway Comm'r*, 295 N.W.2d 128, 131 (N.D. 1980) (relating to the "admission or adjudication of a traffic violation").

603. "A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably; when it misinterprets or misapplies the law; or when its decision is not the product of a rational mental process leading to a reasoned determination." *Id.* We review an alleged violation of a constitutional right under a de novo standard. *State v. Kirkpatrick*, 2012 ND 229, ¶ 22, 822 N.W.2d 851 (citing *State v. Sorenson*, 2009 ND 147, ¶ 16, 770 N.W.2d 701).

II

[¶4]   Helgeson claims the underlying proceeding for a violation of Dickinson Municipal Code § 58-705 is criminal, so the district court lacked jurisdiction to determine he was a vexatious litigant. Rule 58, N.D. Sup. Ct. Admin. R., provides the basis and procedure for designating a litigant vexatious. Under N.D. Sup. Ct. Admin. R. 58(2)(a), litigation is defined as:

> [A]ny civil or disciplinary action or proceeding, including small claims actions, any appeal from an administrative agency, any review of a referee order by the district court, and any appeal to the supreme court. "Litigation" does not include criminal actions.

[¶5]   The jury found Helgeson violated Dickinson Municipal Code § 58-705(a), which states:

> [N]o person may operate or drive a vehicle on the public highways of the State, unless the vehicle has a distinctive number assigned to it by the Department, and two number plates, bearing the distinctive number conspicuously displayed, horizontally and in an upright position, one on the front and one on the rear of the vehicle . . . .

Section 39-06.1-02(1), N.D.C.C., provides when a traffic violation is noncriminal:

> An individual cited, in accordance with sections 39-07-07 and 39-07-08 for a traffic violation under state law or municipal ordinance, other than an offense listed in section 39-06.1-05, is deemed to be charged with a noncriminal offense.

[¶6]   Section 39-06.1-05, N.D.C.C., lists the offenses excepted from N.D.C.C. § 39-06.1-02. This list of exceptions does not include the failure to display a license plate. Because failure to display plates is not listed in N.D.C.C. § 39-06.1-05, the

violation is noncriminal. Helgeson's claim that the underlying proceeding was criminal is legally incorrect. The district court had authority under N.D. Sup. Ct. Admin. R. 58 to designate him a vexatious litigant.

## III

[¶7] Helgeson claims the district court erred in finding him a vexatious litigant. Rule 58, N.D. Sup. Ct. Admin. R., allows the court to designate a litigant as vexatious if the court finds, by the preponderance of the evidence, there is a sufficient basis to do so. This Court reviews an order finding a vexatious litigant for an abuse of discretion. *Glaum*, 2024 ND 86, ¶ 15.

[¶8] "Vexatious conduct" is defined as activity that:

> (1) serves primarily to harass or maliciously injure another party in litigation; (2) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law; (3) is imposed solely for delay; (4) hinders the effective administration of justice; (5) imposes an unacceptable burden on judicial personnel and resources; or (6) impedes the normal and essential functioning of the judicial process.

N.D. Sup. Ct. Admin. R. 58(2)(c). A vexatious litigant is an individual who:

> (1) In the immediately preceding seven-year period, has commenced, prosecuted, or maintained at least two litigations that: (A) involved vexatious conduct on the part of the litigant and (B) were finally determined adversely to that person;
>
> (2) After a litigation has been finally determined against the person, the person has repeatedly relitigated or attempted to relitigate either: (A) the validity of the determination against the same party or parties as to whom the litigation was finally determined; or (B) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same party or parties as to whom the litigation was finally determined;
>
> (3) In any litigation, the person repeatedly: (A) files unmeritorious motions, pleadings, or other papers; (B) conducts unnecessary discovery; or (C) engages in any other tactics, and such conduct is

3

frivolous or intended to cause unnecessary burden, expense, or delay; . . .

N.D. Sup. Ct. Admin. R. 58(2)(d) (cleaned up). The district court found Helgeson made many claims and motions that were not meritorious or supported by good faith arguments. The court also found Helgeson engaged in "tactics and conduct that are frivolous."

[¶9]   Our review of the record shows Helgeson engaged in an extensive, mostly needless, and groundless pretrial motions practice that included requests to disqualify the prosecutor, to continue the trial, to rehear denial of the continuance motion, and to stay the case. Helgeson also filed motions in limine, three motions to dismiss, and a motion to disqualify the judge. The docket for this relatively simple traffic offense contains 277 entries, the majority of which were generated by Helgeson's motions practice. Our review of the record shows the district court did not act arbitrarily, unconscionably, or unreasonably by entering the vexatious litigant order. Nor did the court misinterpret or misapply the law. The court, therefore, did not abuse its discretion in finding Helgeson was a vexatious litigant.

IV

[¶10]  Helgeson claims the district court violated his equal protection rights, First Amendment rights, right to open courts, and federal and state due process rights by designating him a vexatious litigant.

[¶11] This Court has discussed the due process and constitutional considerations associated with a vexatious litigant designation. In *Rath v. Rath*, we weighed the constitutional implications of being designated a vexatious litigant:

> "[A] court may restrict an individual's right to access the state's legal system in light of the rights of the public and necessities of the occasion." *Smith v. Erickson*, 2019 ND 48, ¶ 12, 923 N.W.2d 503. In *Smith*, we concluded finding a person is a vexatious litigant and entering a pre-filing order does not violate that person's constitutional right to access the court system.

4

> We have long held courts have the inherent authority to control dockets to stem abuses of the judicial process and to maintain the integrity of the court. *See, e.g.*, *Holkesvig v. Grove*, 2014 ND 57, ¶ 17, 844 N.W.2d 557; *Fed. Land Bank of St. Paul v. Ziebarth*, 520 N.W.2d 51, 58 (N.D. 1994); *see also Holkesvig v. VandeWalle*, 2016 ND 107, ¶ 11, 879 N.W.2d 728.

2022 ND 105, ¶¶ 36-37, 974 N.W.2d 652 (cleaned up). In *Rath*, this Court upheld the constitutionality of the vexatious litigant statute. *Id.* ¶ 38. The required findings, filing requirements, and notice to the litigant were sufficient procedural safeguards to prevent constitutional violations. *Id*. These same considerations apply here, and Helgeson's constitutional challenges to N.D. Sup. Ct. Admin. R. 58 are without merit.

V

[¶12] The City requests sanctions by way of an award of attorney's fees against Helgeson for his use of fictitious cases in his appellate brief. The City claims six cases in Helgeson's brief do not exist. Granting sanctions lies entirely in the discretion of this Court. *Ihli v. Lazzaretto*, 2015 ND 151, ¶ 21, 864 N.W.2d 483.

[¶13] Rule 28(l), N.D.R.App.P., requires briefs submitted to this Court be "concise, presented with accuracy, logically arranged with proper headings, and free from burdensome, irrelevant or immaterial matters." Rule 13, N.D.R.App.P., provides, "[t]he supreme court may take appropriate action against any person failing to perform an act required by rule or court order." "Determining whether to administer sanctions for not complying with the Rules of Appellate Procedure rests wholly within our discretion." *Ihli*, 2015 ND 151, ¶ 21.

[¶14] In reviewing the City's allegations, we determine Helgeson cited several nonexistent cases. His offered citations lead to different cases that do not support his claims, and a search of the provided case names also is fruitless. The table below lists Helgeson's fictitious citations and the genuine cases the citations refer to:

| Helgeson's Offered Citation | Case with Corresponding State Reporter | Case with Corresponding Regional Reporter | Case with Similar Titles |
|---|---|---|---|

5

| State ex rel. Olson v. City of Fargo, 250 N.W.2d 558 (N.D. 1977) | N/A | People v. Marshall, 250 N.W.2d 557, 558 (Mich. Ct. App. 1976) | Olson v. City of W. Fargo, 305 N.W.2d 821 (N.D. 1981) |
|---|---|---|---|
| State v. $44,140.00 U.S. Currency, 2003 ND 28 657 N.W.2d 829 | Jensen v. State, 2003 ND 28 | State v. Rhodes, 657 N.W.2d 823, 829 (Minn. 2003) | State v. $44,140.00 U.S. Currency, 2012 ND 176 820 N.W.2d 697 |
| State v. Clark, 2022 ND 85 999 N.W.2d 632 | Energy Transfer LP v. N. Dakota Priv. Investigative & Sec. Bd., 2022 ND 85 | State v. Nelson, 999 N.W.2d 632 (N.D. 2023) | State v. Clark, 2012 ND 135 818 N.W.2d 739 |
| State v. Rogers, 2006 ND 85 712 N.W.2d 841 | In re Mertz, 2006 ND 85 | State ex rel. Stenehjem v. FreeEats.com Inc., 712 N.W.2d 828, 841 (N.D. 2006) | State v. Rogers, 2007 ND 68 730 N.W.2d 859 |
| State v. Schneider, 2016 ND 198 885 N.W.2d 811 | In re Adoption of A.J.S. & N.J.S., 2016 ND 198 | State v. Davis, 885 N.W.2d 807, 811 (Wis. Ct. App. 2016) | State v. Schneider, 2014 ND 198 855 N.W.2d 399 |

[¶15] The record also shows Helgeson submitted false citations to the district court. Helgeson does not defend or explain his use of fictitious cases, but instead argues the City's brief contains incorrect citations. He correctly claims the appellee's brief miscites *State v. Kovalevich*, 2023 ND 206, 997 N.W.2d 628, as a 2003 case, and *People v. Marshall*, 250 N.W.2d 557 (Mich. Ct. App. 1976) as a 1994 case. He makes other meritless claims against the City, alleging citation errors. Helgeson wrongly argues we should "disregard Appellee's claim that Appellant relied on nonexistent authority" because of citation errors in the City's brief.

[¶16] This Court does not appreciate the extra work caused by erroneous citations contained in any party's brief. However, the errors in Helgeson's brief go far beyond a mistake in citation. Five of his cases are fictitious. "Fake or nonexistent legal citations typically are the result of AI 'hallucinations.'" *Mezu v. Mezu*, 346 A.3d 181, 189 (Md. App. Ct. 2025) (citing *Noland v. Land of the Free, L.P.*, 336 Cal. Rptr. 3d 897, 911 (Cal. Ct. App. 2025)). By this statement and citation, we do not criticize the use of AI or AI-assisted tools. To the contrary, we encourage and embrace the use of technology to improve the work product of all litigants, whether represented or self-represented.

[¶17] Like our sister states, we view the use of AI-related technology as a means of improving access to the courts. *See*, *e.g.*, Illinois Supreme Court, Policy on Artificial Intelligence (2024) (noting the use of AI can improve access to justice and "should not be discouraged" if it is reviewed and falls within ethical guidelines); Chief Justice G. Richard Bevan, *AI in the Courts: Balancing Tradition and Innovation*, Idaho State Bar (Dec. 29, 2025), https://isb.idaho.gov/blog/ai-in-the-courts-balancing-tradition-and-innovation-by-chief-justice-g-richard-bevan ("We cannot ignore technology that may serve people better or help us work more efficiently."); *Willis v. U.S. Bank Nat'l Ass'n as Tr., Igloo Series Trust*, 783 F. Supp. 3d 959, 960 (N.D. Tex. 2025) ("AI is a powerful tool, that when used prudently, provides immense benefits.' AI also 'may ultimately prove a helpful tool to assist *pro se* litigants in bringing meritorious cases to the courts,' . . . .").

[¶18] That said, the use of technology, especially developing technology like AI, requires careful use and scrupulous verification of the arguments and authorities generated by anyone using the tool. *Evenstad v. Buchholz*, 1997 ND 141, ¶ 8, 567 N.W.2d 194 ("[O]ur statutes and rules on procedure will not be modified or applied differently merely because a party not learned in the law is acting pro se."). For our purposes here, it does not matter whether Helgeson's fictitious cases and erroneous citations were AI-generated or the result of careless work. Rather, regardless of how the errors came to be, he is responsible for the consequences of his errors, namely the additional workload on the appellee and the courts to address them.

[¶19] The City requests sanctions against Helgeson for a violation of N.D.R.App.P. 28(l). The City did not provide an affidavit or otherwise specify how much in attorney's fees it expended in connection with Helgeson's fictitious citations and meritless claims regarding the City's citations. We award the City $500.00 from Helgeson as a sanction for his misconduct, and warn all litigants that using erroneous citation to authority, and providing courts with citation to fictitious cases, exposes the filing party to the imposition of sanctions appropriate under the circumstances.

[¶20] The district court had authority to find Helgeson a vexatious litigant because the underlying proceedings were noncriminal, and the district court did not abuse its discretion in designating him a vexatious litigant under N.D. Sup. Ct. Admin. R. 58. Helgeson's constitutional challenge to his vexatious litigant designation is without merit. We affirm the district court's order designating Helgeson a vexatious litigant and grant the City's request for sanctions against Helgeson for citing non-existent cases and using erroneous case citations.

[¶21]  Lisa Fair McEvers, C.J.
      Daniel J. Crothers
      Jerod E. Tufte
      Jon J. Jensen
      Douglas A. Bahr